JUDGE HARDIN
delivered the opinion op the court:
The original and cross-appeals upon this record present three distinct questions for determination, all involving the construction of that portion of the will of Charles Daniel, deceased, which relates to the tract of two hundred acres of land devised to John S. Daniel, as trustee for Robert M. Daniel:
1. Did the devise of the land “to John S. Daniel, as trustee for Robert M. Daniel,” taken in connection with the concluding provision, that, at the death of Robert M. Daniel, “ should he not have a legitimate heir from his body living at his death,” the estate to be divided between certain trustees for other children of the testator, vest in R. M. Daniel a mere use for life, without remain *546 der over to the children who were subsequently born to him ? or,
2. Did it confer on him such use for life with remainder to his child or children, should he die leaving such ? or,
3. Did it vest in him, subject to the trust, the absolute property, to be defeated only in the contingency of his dying “ without a legitimate heir from his body ” living at his death, and in that event only the property to go, as directed in the will, to trustees, for his brothers and sisters ?
Robert M. Daniel, who, at the date of the will, though a married man, had no children, and afterwards, by a subsequent marriage with the appellant, Zerilda Daniel, became the father of the appellees, Alice J. and Robert J. Daniel, whom he left at his death his heirs-at-law.
In this suit, which was at first instituted by the guardian of said children, who were infants, for - a sale of the land, the appellants, the heirs-at-law of Charles Daniel, having been made parties, and claiming that, according to the true construction of the will, the title to the land did not descend to Robert M. Daniel’s heirs at his death, but passed to the heirs-at-law of Charles Daniel, deceased ; and said Zerilda Daniel, whose right of dower was drawn in controversy, being also made a party, the court, on final hearing, adjudged that “ the estate given to R. M. Daniel by his father’s will was but a use for the devisee’s lifetime, remainder to any legitimate heir of his body living at his death, consequently, the petitioner, Zerilda Daniel, widow of Robert M. Daniel, is entitled to no dower therein, and the defendants have no sort of claim to said land.”
Of this judgment the heirs-at-law of Charles Daniel, upon the original appeal, and the said Zerilda Daniel, by cross-appeal, complain.
*547 We think, according to the plain construction of the will of Charles Daniel, the testator did not intend the title to pass by descent to his heirs, or, in any contingency, to vest in the appellants, except in the event that Robert M. Daniel should not have, at his death, a living heir or heirs of his body. And the only remaining question to be determined is, whether Robert M. Daniel had, at his death, such title in the land as entitled his widow to dower; or whether his estate in the land ceased at his death, his children taking it absolutely as devisees in remainder under the will.
Although the contingency of R. M. Daniel’s dying without a living bodily heir is made the condition of the devise over in trust for other children of the testator, the children of R. M. Daniel are not named as devisees in remainder in any event, nor can they be so regarded unless by implication.
But, in our opinion, the contingent devise over did not operate to reduce the interest of R. M. Daniel to a life estate in the use of the land; but that it is a conditional defeasance of the title only, depending on the contingency stated; and, as that contingency failed, the land, on the death of R. M. Daniel, descended to his heirs, subject to his widow’s right of dower.
Wherefore, the judgment is affirmed on the original appeal, and reversed on the cross-appeal of Zerilda Daniel, and the cause remanded for further proceedings not inconsistent with this opinion.