JUDGE PETERS
delivered the opinion oe the court.
Ebenezer Best, who died in 1839, devised his land to the following persons, by several clauses, in the following language:
“ I will and bequeath the tract of land upon which I now reside, estimated at about twelve hundred acres, to the following persons in the following manner, with the conditions annexed:
“ I give to Alfred Best, who now lives with me, that portion of the aforesaid land commonly called the Woods tract, and estimated at one hundred and seventy-three and a half acres, to him and his heirs forever.
“To William Best, of Indiana, I give the Joe Wilson tract, estimated at two hundred and five acres, to him and his heirs forever.
“ To Humphrey Best, who also resides with me, T give the upper end of the four hundred acres commonly known and designated as my father’s four-hundred-acre tract, that tract being equally divided by a direct line crossing Paintlick Creek; the upper portion, estimated at two hundred acres, is to the said Humphrey and his heirs in like manner.
“To Oliver Best, now residing, if alive, in parts unknown, I give that part of the land which lies between the portion given to William and Humphrey Best, estimated at two hundred acres, to him and his heirs.
“I give in like manner to Tyre Best that part of my land called and known by the name of the Johnson tract, containing the quantity of about two hundred acres.
“To the children of James Best, deceased, I will and bequeath the residue of the aforesaid tract of twelve hundred acres known as the Montgomery place.
“The whole of the foregoing devises are made subject to *38 the following conditions and trusts: I wish it most clearly-understood my land is not to be sold. The legal title is to be held by Henry Miller and Oliver Terrill, who are hereby appointed trustees to hold the same for the use and benefit of the aforesaid legatees and their heirs.
“The land, I repeat, is not to be sold under any pretext, either by a court of chancery or any act of the legislature. If either of the aforesaid legatees die without issue, then the portion which he or they were entitled to is to go to the survivors equally. Should Oliver Best never return to claim his legacy, then the part of the land allotted to him is to go to the balance of the aforesaid legatees; in the mean time, until it is ascertained whether he is living or not, it is my will that Humphrey Best and William Best have the use of the place, with instructions to cultivate the same carefully.”
According to the evidence, Alfred Best died, without leaving issue, in 1858 or 1859, and William Best died in 1856, leaving four children, and. this suit was brought by the present trustees, substituted for those named in the will, who are dead, to ascertain by judicial determination to whom the land devised by said testator to Alfred Best passed at his death; whether the children of William Best, who where defendants, took any interest in said land, or whether it passed to Tyre Best and Humphrey Best and the surviving children of James Best.
The court below adjudged that the children of William Best were entitled to the same share or interest in the land devised to Alfred for life that he (William Best) would have been entitled to if he had survived said Alfred Best; and by this appeal a reversal of that judgment is sought.
The language of the testator is plain and unambiguous, giving to the persons named a life-estate in the tract of land set apart to each, or to them respectively; and if the life-tenants at the time of their deaths left issue, such issue would take their respective parts in fee-simple under the will. But he expressly *39 declares that if either of the aforesaid legatees (or, it may be added, beneficiaries) die without issue, in that event his or their portion is to go to the survivors equally. If the event provided for should happen — that is, if either of said devisees should die without issue, and the part of testator’s land devised to him for life should go to others than the surviving devisees, if there were any to answer that description — both the intention of the testator and the language of the will would be violated.
As was said by this court in manuscript opinion of E. Best v. Cochran, “Nor is this an attempt to create a perpetuity which would be void by statute, but' it is merely a restriction on the power of alienation on the part of the life-tenants and to secure the remainder to .the descendants of the testator.”
We conclude therefore that the devisees of the testator to whom he devised his land for life, and who survived the devisee, Alfred Best, on his death, took the portion set apart to him to the exclusion of the children of William Best, deceased.
Wherefore the judgment is reversed, and the cause is remanded with directions to render judgment in conformity to this opinion.