LOUELLA CLEVELAND *v.* PARTHENA CLEVELAND, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—56.]

**Descent of Real Estate.**

> Words of inheritance are not required to be used in a deed or will in order to pass a fee, whether absolute or conditional.

**Construction of Will.**

> After a testator had devised certain specific legacies he provided that "My six children not provided for (naming them) are to have the balance of my estate not disposed of." It is held that this gave to them an absolute estate; and when he provided further that "In case of the death of any of my children without bodily heirs their landed estate to revert back to their brothers and sisters," it was a defeasible fee devised, the children taking from the father if any survived him, and if not the estate to go to his brothers and sisters.

APPEAL FROM JESSAMINE CIRCUIT COURT.

May 24, 1883.

OPINION BY JUDGE PRYOR:

George Cleveland died in the county of Jessamine leaving a last will, his widow and several children surviving him. He had been twice married, and had one child by his first wife and six children by his last wife. He made provision for Mrs. Holloway, the daughter by his first wife, devising to her and her heirs forever a farm of three hundred six acres.

He then devised the balance of his estate to his six children by his last wife in the following language: "My six children not provided for, to-wit: Horace W. Cleveland, George W. Cleveland, Amanda H. Simpson, James L. Cleveland, Serena Cleveland and John T. Cleveland, are to have the balance of my estate not disposed of. In case of the death of any of my children without bodily heirs their landed estate to revert back to their brothers and sisters."

In the division of the estate about two hundred forty-five acres of the land was allotted to one of the sons, John Cleveland, who married the appellant and died in the year 1879. Shortly after his death his widow gave birth to a daughter, John Ella Cleveland, and this child died in a few months. The question presented here is, Who

is entitled under the statutes of descent to the two hundred forty-five acres of land allotted to John Cleveland in the division of his father's estate? The child's mother is entitled or her paternal grandmother. If the child inherited the land from her father it passed to the paternal grandmother, she being the next of kin then living who would take under the statute regulating the manner of descent of infant's real estate, when "an infant dies without issue, having title to real estate derived by gift, devise, or descent from one of his parents," etc. See Gen. Stat. 1881, ch. 31, § 9. If the infant took under the devise from the grandfather the appellant is entitled, and this question must be determined by a proper construction of the will of George Cleveland, the provisions of which have already been given.

It is manifest, we think, that the devisor intended to give and did give to each one of his children a fee-simple estate in the land devised, subject to be defeated upon the devisee dying without issue surviving him. Words of inheritance are not required to be used in a deed or will in order to pass a fee, whether absolute or conditional, and there can be no question but that the devise of the land to Mrs. Holloway and to her heirs forever gave to her the fee; and there is no reason appearing upon the face of the will, nor language used, that would lead to the conclusion that it was the purpose of the testator to limit the estate in the property devised to an estate for life as to all of his children but Mrs. Holloway. He had devised to her all the estate he intended she should have, to her and her heirs forever, and then, proceeding to dispose of the balance of his estate, said: "My six children not provided for (naming them) are to have the balance of my estate not disposed of." This gave to them an absolute estate, an estate of the same character as that devised to Mrs. Holloway; and while words of inheritance are used in the devise to Mrs. Holloway, the draftsman of the paper evidently knew that the language used in each devise passed the fee to all the children in that portion of the estate to be allotted to them under the will. The testator desired, however, to provide against the contingency of his estate passing to those who had no claims upon his bounty, and provided that "In case of the death of any of my children without bodily heirs their landed estate to revert back to their brothers and sisters." It was a defeasible fee devised, the child taking from the father if any survived him, and if not the estate to go to his brothers and sisters. In order that the appellant might take in this case, the

construction given to the will of George Cleveland would be to vest in each of these six children an estate for life with remainder to their children, and it seems to us that such a construction would be in plain violation of the purpose of the testator, as manifest from the language used.

The case of *Best v. Conn,* 10 Bush (Ky.) 36, conduces to sustain the construction given the will by the appellant, but in this case there is no devise to the issue of the first taken unless by implication, and while such a grant or devise may be implied we think the intention to create such an estate of inheritance in the children is so repugnant to any such construction as to forbid the conclusion contended for by counsel. It is in fact difficult to reconcile the case of *Best v. Conn* with the numerous authorities sustaining the judgment in this case. In the case of *McKay v. Merrifield,* 14 B. Mon. (Ky.) 322, the will provided that "in case said son Richard should die without issue, then slave Mildred and increase to descend to my heirs;" it was held that Richard took the absolute right to the slave subject to be defeated by the failure of issue. In the case of *Daniel v. Thompson,* 14 B. Mon. (Ky.) 533, the will of Clifton Thompson provided, "It is my wish that all the property that may be included in this my last will and testament to my sons, Clifton R., and James K. Thompson, in case of either or both dying without leaving a lawful heir begotten of their own body, the property so left shall be equally divided among their sisters or their legal representatives." This court held that the sons took a fee in the land devised subject to be defeated upon their death without issue of their bodies. In the case of *Daniel v. McManama,* 1 Bush (Ky.) 544, the devise was in trust for Robert Daniel and provided that if he should die without a legitimate heir from his body living at his death the estate was to be divided between other children of the testator. It was held that the devise over in the event there was no legitimate heir did not reduce the estate of Robert to an estate for life, and having issue the land descended to the heirs of Robert subject to his widow's right of dower. In the case of *Moran v. Dillehay,* 8 Bush (Ky.) 434, the devise was to Harriett Givens and her children forever, and "if she should die and leave no heirs of her body, it is my will that all the land and negroes I have given her should go to my daughter, Eleanor Hocker, and her children." It was held that Harriett Givens took a fee subject to be defeated upon her dying without issue.

The authorities are conclusive of this question, and not only so but the intention of the testator to create a fee in the children subject to be defeated upon the contingency of their dying without issue surviving is apparent from the entire instrument; and the construction given the instrument by the court below is but executing this plain intent of the devisor. The grandmother was adjudged to be the owner of the land by inheritance from the child, and in this conclusion we concur.

Judgment *affirmed*.

*Hunt & Darnall, for appellant.*

*Porter & Wallace, for appellees.*

[Cited, *Crozier v. Cundall,* 99 Ky. 202, 18 Ky. L. 116, 35 S. W. 546.]