## McKenty et al. v. Caldwell et al.

Oct. 14, 1941.

O. B. Bertram and Vernon Shuffett for appellants.

H. S. Robinson, Abel Harding and Bruce & Bullitt for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In May, 1903, the Mutual Benefit Life Insurance Company, (hereinafter called the insurance company)

issued to Robert L. Phillips a life insurance policy in the sum of $1,000 and named therein as beneficiaries the four daughters of the insured. The beneficiary clause in so far as is pertinent, reads:

"* * * payable at its office in Newark, New Jersey, to Georgia C., Louise E., Mary L. and Byrde E. Phillips, children of the Insured, share and share alike or to the survivors or survivor of them in case any survives the Insured. Otherwise to the executors, administrators or assigns of the Insured, immediately upon receipt of due proof of the death of the Insured. * * *"

The insured also specifically reserved the right to change the beneficiaries of the policy. In May, 1910, the same insurance company issued another policy to the same Robert L. Phillips in the same amount, and it contained exactly the same beneficiary clause, including the right to change the beneficiaries.

Georgia C. Phillips McKenty, the first named beneficiary, who had married J. F. McKenty, died in 1936 leaving two daughters, Mary Louise Judd McKenty and Margaret McKenty. Four years later, January, 1940, Robert L. Phillips, the insured, died leaving surviving him his other three daughters named as beneficiaries in each of the policies. Soon after the death of the insured the insurance company divided the entire proceeds of the two policies ($2,000 plus a final dividend of $15.37 and interest of $5.80, a total of $2,021.17) into three parts and paid one-third or $673.72, to each of the three surviving daughters of the insured.

After the proceeds of the policies had been paid and settled as stated above, Mary Louise Judd McKenty and Margaret McKenty, the two children of the deceased beneficiary, Georgia Phillips McKenty, by their statutory guardian, J. F. McKenty, brought this action against the three surviving daughters of the insured and the life insurance company to recover one-fourth of the proceeds of the two policies. The plaintiffs based their action upon the theory that Georgia C. Phillips McKenty, mother of the two infant plaintiffs, acquired a vested right to one-fourth of the proceeds of the two insurance policies and that they, plaintiffs, are entitled to the share their mother would have received had she survived the insured.

The defendants, insurance company and the surviving daughters of the insured, filed their separate answers admitting the distribution of the proceeds of the two insurance policies as stated above, and specifically pleaded the beneficiary clauses in the policies, contending that those clauses should be construed to mean that since the insured reserved the right to change the beneficiaries of the policy, the deceased daughter, Georgia C. Phillips McKenty, who predeceased the insured, acquired no vested interest in or right to any part of the proceeds of the policies and according to the terms of the beneficiary clauses the three surviving daughters of the insured are entitled to the whole of the proceeds of the two policies. By subsequent pleadings the issues were made and the case submitted to the chancellor for construction of the policy and a determination of the rights of the parties, and the chancellor held and adjudged that under the terms of the beneficiary clauses of the policies Georgia C. Phillips McKenty, deceased, acquired no vested interest in the proceeds of the policies and hence her children, the plaintiffs, had no interest therein, and further adjudged that the three surviving daughters of the insured were entitled to the whole of the proceeds of the two policies and dismissed plaintiffs' petition. This appeal follows.

We find no ambiguity contained in the beneficiary clauses of the policies in question. The language contained therein, ''or to the survivors or survivor of them in case any survives the Insured,'' means that if any of the named beneficiaries should predecease the insured the survivor or survivors of his children should take the share of the deceased one. In Schouler on Wills, Executors, and Administrators, Vol. 2, Section 1060, 6th Ed., it is said:

''The word 'survivor' will usually exclude representatives so that the last survivor of a class will take the whole share of one dying although others of the class have all died leaving issue.'' See, also, to the same effect Bayless v. Prescott, 79 Ky. 252; Best v. Conn, 10 Bush 36, 73 Ky. 36. Many other cases to the same effect might be cited.

Also, in addition to the construction placed upon such words or phrases as ''survivor or survivors'' used in instruments other than insurance policies there are numerous cases dealing with the specific question here

involved construing such language when used in insurance policies wherein the insured had reserved the right to change the beneficiaries, or, stated differently, when the policy contains a revocable beneficiary clause as is contained in each of the policies here in question.

In Colovos' Adm'r et al. v. Gouvas et al., 269 Ky. 752, 108 S. W. (2d) 820, 824, 113 A. L. R. 871, we held that a revocable beneficiary's right was nothing more than a mere contingent right or expectancy. We said:

"* * * All text-writers and every opinion we have examined, with the exception of the Watkins case, supra [Watkins v. Home L. & A. Ins. Co., 137 Ark. 207, 208 S. W. 587, 5 A. L. R. 791] hold that where the right to change the beneficiary is reserved, nothing more is vested than a mere contingent right or expectancy; that the beneficiary to become vested with right to the proceeds of a policy must survive the insured, and furnish proof of the prior happening of that contingency upon which that right depends."

In Farley et al. v. First National Bank, 250 Ky. 150, 61 S. W. (2d) 1059, 1061, this court said:

"* * * The named beneficiary in a policy of insurance which provided for a change of beneficiaries has no vested interest during the life of the insured; his interest is a mere expectancy. * * * Where the right to change the beneficiary is reserved by the insured, this right is a part of the contract from its inception, and may be exercised by the insured at any time before his death, for not until then does the right of the named beneficiary become vested. * * *"

We conclude, therefore, that the only rights acquired by the insured's four daughters during his lifetime was nothing more than an expectancy and did not ripen into a vested right until the death of the insured. It results, therefore, that since Georgia C. Phillips McKenty predeceased the insured, she never acquired a vested right in the proceeds of the insurance, and that being true it follows that her children, plaintiffs herein, acquired no rights to the insurance, and the surviving daughters of the insured are entitled to the whole of the insurance.

Judgment affirmed.