[No. 8920.]

German American Trust Co. et al., v. Ten Winkel et al.

Life Insurance—*Change of Beneficiary.* A certificate of membership in a benefit society provided that upon the death of the member, the society would pay to the wife of the member a certain proportion of a sum named, and to another named, as trustee for his children, the residue. A provision of the will of the member that a sum "to become due to his estate," from the society named "on a certain insurance policy" should be applied to discharge an encumbrance upon his dwelling. *Held,* without effect, even conceding that the testator by the provision quoted had in mind the particular insurance in question. (98.)

*Error to Denver District Court.* Hon. Granby Hillyer, Judge.

Mr. Charles F. Miller, for plaintiffs in error.

Messrs. Tolles & Cobbey, and Mr. P. M. Kistler, for defendants in error.

Mr. Justice White delivered the opinion of the court.

Burroughs R. Hall died testate in Denver on April 1, 1915, leaving him surviving his widow, Aleta Hall, and three adult children, George M. Hall, William C. Hall and Paul R. Hall. At the time of his death he had in his possession two valid contracts of insurance on his life, called certificates of membership, issued by The Bankers Life Association, an Iowa corporation, in and by which said company agreed to pay to Aleta Hall, the wife of deceased, one-fourth, and to The International Trust Company of Denver, the remainder arising from each contract of insurance "in trust for his children" upon the death of the said Hall. The German American Trust Company was appointed by the County Court of the proper county, and qualified, as administrator to collect of the estate of Burroughs R. Hall, pending the pro-

bate of his will. Burroughs R. Hall had neither changed, nor attempted to change, the beneficiaries named in said contracts of insurance in the manner and form provided and required by the rules and laws governing the Bankers Life Company; nor had such company been advised in any way whatever that he desired to change the same. There was, however, embodied in his will a provision directing that a certain sum of $4,000, due or to become due to his "estate from the Bankers Life Insurance Company of Des Moines, Iowa, on a certain insurance policy, be applied so far as necessary on payment of certain indebtedness and incumbrance" on his dwelling house, and "that any balance of said insurance money" to revert to his "residuary estate." Thereafter, on the 2nd day of April, 1915, Aleta Hall died, intestate, and subsequently Fred H. Ten Winkel, one of the parties to this suit, was duly appointed and qualified as the sole administrator of her estate, and as such administrator and in conjunction with William C. Hall and George M. Hall, brought suit against The Bankers Life Company, the International Trust Company, as trustee, and Paul R. Hall to collect the sums due under the contracts of insurance and have the same properly distributed. The German American Trust Company intervened, and claimed the fund as belonging to the estate of Burroughs R. Hall. The International Trust Company disclaimed any interest in the subject-matter in controversy, and The Bankers Life Company admitted its liability on the certificates of insurance and, under order of the court, paid the full sum due thereon into the registry of the court, to be distributed to whomsoever it might belong. The court found that Burroughs R. Hall never changed, or attempted to change, the beneficiaries of the certificates of insurance; that the International Trust Company, named as trustee for the children of Burroughs R. Hall in the certificate of insurance, "was a dry and naked

trustee," and that the beneficiaries therein named, to-wit; Aleta Hall, William C. Hall, George M. Hall and Paul R. Hall, were, upon the death of Burroughs R. Hall, each entitled to one-fourth part of the total sum due under said certificates; and that upon the death of Aleta Hall, intestate, her interest in such fund passed to and vested in Fred H. Ten Winkel as administrator of her estate. The German American Trust Company and Paul R. Hall have brought the case here on error and applied for a *supersedeas*.

We have read the record and are certain that the court arrived at the proper conclusion under the facts of the case and the law applicable thereto. It is conceded that no attempt was made, in the manner and form prescribed, to change the beneficiaries designated in the certificates of insurance; but it is contended that the provisions of the will, to which reference has heretofore been made, constituted a change in that regard. There is no certainty that the language of the will had reference to the insurance and money here involved. The reference therein is to a "certain insurance policy" due, or to become due his "estate." The insurance here involved is represented by two contracts or policies and were never payable to his "estate." However, were we to assume that the testator had in mind the particular insurance in question, the language employed neither constituted a change of the beneficiaries named in the policies nor a legal or equitable transference of the fund arising therefrom. Such is the settled law in this jurisdiction.— *Finnell v. Franklin*, 55 Colo. 156, 134 Pac. 122; *Johnson v. New York Life Ins. Co.*, 56 Colo. 178, 138 Pac. 414, L. R. A. 1916A, 868; *Rollins v. McHatton*, 16 Colo. 203, 27 Pac. 254, 25 Am. St. 260.

*Eo instanti,* upon the death of the assured, one-fourth of the proceeds of the certificates of insurance became vested in Aleta Hill; and the remaining three-

fourths, in equal parts, in William C., George M. and Paul R. Hall. As Aleta Hall died intestate, and before she actually got possession of her share of the fund, her administrator has the right to sue for and collect the same. The application for *supersedeas* is, therefore, denied, and the judgment affirmed.

Decision *en banc*.

*Affirmed.*

CHIEF JUSTICE WHITE and Mr. JUSTICE BAILEY not participating.