WATKINS *v.* HOME LIFE & ACCIDENT INSURANCE COMPANY.

## Opinion delivered January 20, 1919.

1. DEATH—COMMON DISASTER—PRESUMPTION OF SURVIVORSHIP.—At common law, when two or more persons perish in the same disaster, and there is no fact or circumstance tending to prove which survived the other, there is no presumption whatever on the subject.

2. DEATH—PRESUMPTION—SURVIVORSHIP.—The rule that there is no presumption of survivorship in a common disaster applies where the insured and beneficiary died in a common disaster.

3. INSURANCE—DEATH OF INSURED AND BENEFICIARY IN COMMON DISASTER.—Under a policy providing that if the beneficiary should die before insured the interest of the beneficiary should vest in insured, the beneficiary had a qualified interest; and where both perished in a common disaster, the insurance is payable to the representatives of the beneficiary if there is no proof as to which one died first.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This was a bill of interpleader filed in the chancery court by the Home Life & Accident Insurance Company in which it stated that there were rival claimants to the proceeds of a policy of insurance, and that it did not know to which of them it should make payment. It offered to pay the proceeds of the policy into the registry of the court, and asked that the claimants be made parties to the suit to the end that their contest might be settled. Each claimant filed an answer claiming the proceeds of the policy. The material facts are as follows:

The Home Life & Accident Insurance Company is an old line insurance company doing business in the State of Arkansas, and on the 13th day of February, 1917, it issued a policy of life insurance to W. R. Fischer in the sum of $5,000, and J. E. Fischer, his son, was named in the policy as the beneficiary. On the evening of the 8th day of January, 1918, during the life of the policy, W. R. Fischer and J. E. Fischer were both shot from ambush in Montgomery County, Arkansas, and instantly killed.

Their bodies were found lying in the road the next morning riddled with buckshot and rifle balls. The bodies were found about nine o'clock in the morning of January 9, 1918, and were lying in a mud hole with ice frozen around the bodies.

A witness testified that he heard a volley of gun shots at about six-thirty on the evening of January 8, 1918, and in a few seconds he heard another volley of eighteen or twenty shots. He was in his house, and the shooting occurred in the vicinity of where the bodies were found.

Another witness testified that late in the evening before they were shot, he saw W. R. and J. E. Fischer riding in a buggy toward the place where they were found dead the next morning; that he saw them between sundown and dark and they were about three miles from where they were found dead. There was nothing to indicate which one died first.

The policy contained the following:

"Any designated beneficiary may be changed by the insured during the continuance of this policy, by filing with the company a written request therefor, accompanied by this policy, such change to take effect upon the indorsement of the same on the policy by the company, whereupon all interest of the former beneficiary shall cease; provided that no such change of beneficiary shall be had if the policy or any interest therein be assigned at the time of such change. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured."

The administator of the estates respectively of W. R. Fischer, deceased and J. E. Fischer, deceased, each filed an answer claiming the proceeds of the policy. The chancellor made a general finding in favor of the administrator of the estate of J. E. Fischer, deceased, and it was decreed that the proceeds of the policy be paid to him as such administrator. The administrator of the estate of W. R. Fischer, deceased, has appealed to this court.

*C. E. Johnson* and *S. S. Langley,* for appellant.

1. The right of both appellant and appellee to recover in this case must be determined by the terms of the policy. 52 Ark. 201; 55 Ark. 210; 101 Ark. 353. The policy reserved certain rights to the insured, among which was the right to change the beneficiary, and the insured, without the consent of the beneficiary could have at any time taken away all rights the beneficiary had under the policy. Therefore, the beneficiary had only an expectancy and no vested interest. A. & E. Enc. Law, Vol. 3, p. 980; 52 Ark. 201; 55 Ark. 210; 69 S. W. 370; 68 Ark. 391; 40 C. C. A. 1, 99 Fed. 199; 60 Texas 534; 74 Ga. 669; 126 Ill. 387; 18 N. E. 657; Niblack on Accident Ins. & Ben. Soc., sec. 121; 2 Bacon Ben. Soc., sec. 316; 150 S. W. 871.

2. The right of the beneficiary, appellee's intestate, being an expectancy, the burden of proof was on the appellee to show by a preponderance of the evidence that the beneficiary survived the insured. 92 Am. St. Rep. 641; 69 S. W. 370; 69 S. W. 671; 24 Am. & Eng. Enc. Law, 1027; 92 Ill. 227; 135 Mass. 468; 81 Texas 563; 17 S. W. 42; 198 Ill. 590; 70 S. W. 108; 135 Mass. 468; 65 S. W. 131; 78 Am. St. Rep. 842; 81 Tex. 678; 10 L. R. A. 550; 29 Wash. Law Rep. 171.

3. The facts indicate that the beneficiary died first. But even if this were not true the courts have held that where several persons perish in a common disaster and there is no evidence tending to show who died first, all are treated as having died at the same instant, and no one of them takes from any of the others, by reason of the other's death. 189 Ill. 590; 92 Am. St. Rep. 284.

4. Appellee has not sustained the burden of proof and judgment should be rendered here for appellant.

*Otis Gilleylen* and *Carmichael & Brooks,* for appellee.

1. The burden of proof to establish survivorship in case of common disaster rests upon the person claiming benefits by reason thereof, since no presumption of survivorship or simultaneous death exists, where two or more persons die in a common disaster. 169 Mo. 301; 92 Am. St.

Rep. 641; 58 L. R. A. 436; 69 S. W. 370; Lawson Pre. Ev. p. 298, rule 54; 1 Tayl. Ev. (9th Ed.) p. 183; 126 N. Y. Supp. 229, 141 App. Div. 478; 73 Md. 403; 10 L. R. A. 550; 21 Atl. 64; 177 Mass. 533; 59 N. E. 436; 52 L. R. A. 117; 37 Atl. 634; 51 L. R. A. 863.

2. Under the policy no change of beneficiary could be made until the beneficiary had died before the insured. Without such change the interest of the beneficiary becomes vested. 52 Ark. 201; 55 *Id.* 210; 101 *Id.* 353; 71 *Id.* 295. Conceding that the insured had the right to change the beneficiary, if he did not do so up to the time of his death the right became absolutely vested in the beneficiary. 46 L. R. A. 160; 10 L. R. A. 550; 52 L. R. A. 117; 59 N. H. 126; Cooke on Life Ins., sec. 76; 124 Ark. 214; Joyce on Insurance, sec. 731.

3. Appellant is bound by the findings of the chancellor on the question of fact. 130 Ark. 465.

*C. E. Johnson* and *S. S. Langley,* for appellant, in reply.

Chancery cases on appeal are tried *de novo.* 114 Ark. 475; 93 Ark. 394; 79 Ark. 577; 111 Ark. 263.

Where it clearly appears that the finding of the chancellor is erroneous, the Supreme Court will not hesitate to reverse the decree. 114 Ark. 121; 31 Ark. 35. The findings of the chancellor are persuasive merely. 75 Ark. 72.

HART, J., (after stating the facts). The evidence shows that W. R. Fischer and J. E. Fischer were riding together in a buggy late in the evening on the 8th day of January, 1918, and were shot from ambush and instantly killed. Their bodies were found the next morning lying in the frozen ground and numerous charges of buckshot appeared to have been fired into their bodies. There is nothing whatever in the proof to indicate which one died first. It is well settled at common law that when two or more persons perish in the same disaster and there is no fact or circumstance tending to prove which survived the other, there is no presumption whatever on the subject.

The law treats the case as one to be established by evidence, and, in the absence of proof tending to show which one died first, all will be considered to have perished at the same moment, not because that fact is presumed, but because from failure to prove it, the actual survivorship is unascertainable, the property rights must be settled as if death occurred to all at the same time. 8 R. C. L., p. 716; *Young Women's Christian Home* v. *French,* 187 U. S. 401; Greeleaf on Evidence (16 Ed.), vol. 1; sec. 30, p. 126; Lawson's Law of Presumptive Evidence, p. 298; *United States Casualty Co.* v. *Kacer* (Mo.), 92 Am. St. Repts. 641; *Re Maria H. Wilbor* (R.I.), 51 L. R. A. 863, and note; and *St. John* v. *Andrews Institute for Girls* (N. Y.), 14 Ann. Cas. 708.

The rule that there is no presumption of survivorship in a common disaster applies where the insured and beneficiary died in a common disaster. 14 R. C. L., p. 1380. In the absence of any presumption as to which died first, the law requires evidence as a foundation for action in the matter. The burden of proof is always upon him who has the affirmative, and if he fails to discharge it with evidence legally sufficient for the purpose, he must suffer defeat. The adversary party succeeds, not upon proof of his own case, but by reason of the absence of evidence on the part of him who has the burden of proof. The authorities are divided upon the question of where the burden of proof lies in cases like this. In some of the cases it is held that the contract in policies like the one in the present case is made conditional on the beneficiary surviving and that there being no presumption in case of death from a common disaster that the beneficiary has survived the insured, the burden of proof is upon the representatives of the beneficiary because the conditional benefit becomes absolute only upon proof of actual survivorship. *Middeke* v. *Balder* (Ill.), 92 Am. St. Repts. 284, and *Males* v. *Sovereign Camp Woodmen of the World* (Texas), 70 S. W. 108. Other cases hold that the result is the same as though the insured died first, on the theory that the beneficiary did not

die in the lifetime of the insured. *Cowan* v. *Rogers* (Md.), 10 L. R. A. 550; *United States Casualty Co.* v. *Kacer* (Mo.), 92 Am. St. Repts. 641, and *Faul* v. *Hulick,* 18 Appeal Cases District of Columbia, p. 9.

We think the latter rule is more in accord with the trend of our decisions. It is true that in *Franklin Life Insurance Co.* v. *Galligan,* 71 Ark. 295, and other cases, the court held that the contract of insurance measures the rights of one and the obligations of the other party, and that the insured may change the beneficiary when he is authorized to do so by the policy itself.

It is insisted by counsel for the appellant that these cases are authority for their position that the burden of proof is upon appellee in the present case because they hold that the beneficiary has no vested interest in the policy. It by no means follows that, because the beneficiary has no vested interest, the burden of proof should be cast upon him. In the case of *Sovereign Camp W. O. W.* v. *Israel,* 117 Ark. 121, the court quoted with approval the following:

"It cannot be said that the beneficiary named in a certificate has no rights therein because he has no vested rights. The beneficiary has a right to the proceeds of the certificate of insurance, subject to the right of the member to change the beneficiary according to the terms of the by-laws and regulations of the society, which are a part of the contract of insurance; and the right of the beneficiary to have this contract carried out in the manner provided for is as binding upon the member as his right to change the beneficiary is binding upon the beneficiary and the society. The power reserved to the member to change the beneficiary qualifies the right of the beneficiary in the contract. It makes the interest of the beneficiary a mere expectancy while the power to revoke the appointment continues; but this expectancy becomes an absolute right upon the death of the member, unless he has in the manner prescribed defeated it by the affirmative act of changing the beneficiary."

It is not claimed that the insured changed the beneficiary during his lifetime. Indeed the statement of facts show the contrary to be true. We have copied in it the clause of the policy with reference to a change of the beneficiaries and it need not be repeated here. In it the insured reserved in the contract of insurance the power of substitution of beneficiaries, but did not exercise it. The policy provides, that upon change of beneficiaries upon application of the insured, the same shall take effect upon the indorsement thereof in the policy of the company. The policy was introduced in evidence, and does not show any change of beneficiaries in accordance with this provision. The clause relied on, therefore, is the following: "If any beneficiary shall die before the insured, that the interest of such beneficiary shall vest in the insured." This provided for a substituted beneficiary in case of the death of the primary one. The beneficiary, therefore, had a qualfied interest in the policy, and his death in the lifetime of the insured is therefore a condition which must exist and must be shown to exist before the right of any subsequent beneficiary can be asserted. J. E. Fischer was the beneficiary named in the policy, and under its terms his representative had a *prima facie* title to the fund. In this case by the terms of the policy itself the substituted beneficiary could only take in case the insured survived the beneficiary. It is not a case where the beneficiary takes in the event he survives the insured. The insured and the beneficiary both died in the same disaster. There is no proof as to which one died first. Until it is shown that the beneficiary died in the lifetime of the insured, we think, according to the terms of the policy of insurance, the fund is payable to the representative of the beneficiary because it is only in the event of the death of the named beneficiary in the lifetime of the insured that the heirs of the insured can take.

It follows that the decree must be affirmed.