DINWIDDIE *v.* METROPOLITAN LIFE INSURANCE COMPANY.

4-6819                                                    163 S. W. 2d 525

Opinion delivered July 6, 1942.

678

[redacted]

*Kirsh & Cathey,* for appellant.

*Westbrooke & Westbrooke,* for appellee.

McHANEY, J. On June 4, 1941, Leo Hairell shot and mortally wounded his wife, Lucille Hairell, and then shot and killed himself, she surviving him about two hours. He was an employee of Ely & Walker Dry Goods Company, Paragould, Arkansas, and as such his life was insured in the sum of $500 under a group life insurance policy issued by appellee to his employer and a certificate of such insurance issued to him in which his wife, Lucille, was named the beneficiary. Said certificate contained the following language: "In the event of the death of any beneficiary, prior to that of the employee, the interest of such beneficiary shall vest in the employee by whom he was designated. If there be no designated beneficiary at the time when any insurance hereunder shall be payable to the beneficiary, then such insurance shall be payable as follows:

"To the wife or husband, if living, of such employee; if not living, to the children of such employee who survive such employee, equally; if none survives, to either

the father or the mother of such employee, or to both equally; if none of the above survives such employee, to the estate of such employee."

The group policy contained this provision: "Upon receipt by the company of the notice and proof—in writing—of the death of any employee, while insured hereunder, and upon the surrender of the certificate and all certificate riders—if any—issued hereunder to such employee, the company shall pay, subject to the terms hereof, to the beneficiary of record, the amount of insurance, if any, in force on account of such employee at the date of his death, according to the schedule of benefits."

As above stated, Lucille Hairell, the named beneficiary, survived her husband about two hours. After her death an administrator was appointed for her estate, who surrendered said certificate and made proof of death of insured to appellee and it paid the amount of said insurance to said administrator, with knowledge at the time that appellant, the mother of Leo Hairell, was claiming same. There were no children surviving and Hairell's father had predeceased him. Appellant, the mother, requested of appellee forms on which to make proof of death which appellee refused, and she then brought this action to recover the $500 insurance, penalty and attorney's fee. To a complaint alleging said facts, a demurrer was interposed and sustained. Declining to plead further, she suffered a judgment of dismissal.

Counsel for appellant say: "The only issue in this case is whether appellant, mother of Leo Hairell, is entitled to the $500 insurance on his life as against the claim of the estate of his deceased wife, who survived the insured by less than two hours and who under the terms of the policy could not have enforced payment of the insurance as against appellee at any time during her life." In other words, because she was mortally wounded and did not live long enough to make proof of death and surrender the policy, her rights as beneficiary were lost.

If we understand the novel contention of appellant, it is based upon the following portion of the above quoted clause in the certificate: "If there be no desig-

nated beneficiary *at the time when any insurance hereunder shall be payable to the beneficiary,* then such insurance shall be payable as follows:'' It being contended that there was no beneficiary at the time when the insurance became payable, as provided in the above quoted clause from the group policy, which provides that the company shall pay ''upon receipt . . . of the notice and proof —in writing—of the death . . . and upon the surrender of the certificate,'' etc. But that clause concludes by providing it shall pay ''to the beneficiary of record the amount,'' etc. Lucille Hairell was the beneficiary of record even though she was dead at the time the notice and proof were given and made. But, aside from that, the general rule is that, where the insured reserves the right to change the beneficiary in a policy of life insurance, the beneficiary has no vested interest therein during the life of the insured. *Sovereign Camp, W. O. W.,* v. *Israel,* 117 Ark. 121, 173 S. W. 855; *Watkins* v. *Home Life & Acc. Ins. Co.,* 137 Ark. 207, 208 S. W. 587, 5 A. L. R. 791. In the latter case, W. R. Fischer insured his life and named his son, J. E. Fischer as beneficiary. They were shot from ambush and both instantly killed. The policy provided that the insured might change the beneficiary at any time in the manner provided therein. It also provided: ''If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured.'' In construing this provision the late Judge HART, for the court, said: ''This provided for a substituted beneficiary in case of the death of the primary one. The beneficiary, therefore, had a qualified interest in the policy, and his death in the lifetime of the insured is therefore a condition which must exist before the right of any subsequent beneficiary can be asserted. J. E. Fischer was the beneficiary named in the policy, and under its terms his representative had a *prima facie* title to the fund. In this case, by the terms of the policy itself, the substituted beneficiary could only take in case the insured survived the beneficiary. . . . Until it is shown that the beneficiary died in the lifetime of the insured we think, according to the terms of the policy of insurance, the fund is payable to the representative of the beneficiary

because it is only in the event of the death of the named beneficiary in the lifetime of the insured that the heirs of insured can take.''

Here the relevant clause is in substance the same. It provided: ''In the event of the death of any beneficiary, prior to that of the employee, the interest of such beneficiary shall vest in the employee by whom he was designated.'' Now, it is undisputed that Lucille Hairell survived her husband and there was no change in or new designation of a beneficiary. She did not die in the lifetime of her husband, but continued to live, although mortally wounded, and immediately on his death her interest as beneficiary in the proceeds of the policy became vested. As said by Judge HART in the Watkins case, *supra*, ''by the terms of the policy itself the substituted beneficiary could only take in case the insured survived the beneficiary,'' which he did not do.

Appellant cites and relies upon certain cases to support her theory that the policy was not payable until proof of loss is made and received by the company, such as *Metropolitan Life Ins. Co.* v. *Jones,* 192 Ark. 1106, 96 S. W. 2d 957, involving disability benefits, in which it was held, to quote a headnote, that: ''Under a group policy providing that 'Upon receipt at the home office . . . of due proof that any employee . . . has become totally and permanently disabled, the company will pay equal monthly installments . . . The first monthly installment will be paid upon receipt of the proof of total and permanent disability,' proof of disability is not a condition precedent to the fixing of liability. but is only a prerequisite to the institution of an action to recover for the liability; and insured may, under such a policy, recover from date of disability, and not merely from date of receipt of proof by the company.''

There, as here, liability attached on the happening of the eventuality insured against, but the liability was not enforcible until proof was made. As stated above, when Leo Hairell died, his wife's theretofore contingent interest as beneficiary in the policy became vested and liability attached in her favor, whether she survived him one minute, one hour, one day or one year and passed to her

administrator on her death, and the matter of making proof and surrendering the certificate were conditions subsequent, conditions inserted for the benefit of the appellee and which it might have waived, and which it did waive, as to appellant, by refusing to furnish forms for proof and by denying liability to her.

The trial court correctly sustained the demurrer and its judgment is accordingly affirmed.