## WASHBURN v. UNITED STATES et al.
### No. 249.

District Court, W. D. Missouri,
St. Joseph Division.

Nov. 24, 1945.

Miles Elliott and Homer C. King, of Boyd, Elliott & King, all of St. Joseph, Mo., for plaintiff.

Sam M. Wear, U. S. Dist. Atty., of Kansas City, Mo., and Charles L. Chalender, Atty. for Department of Justice, of Springfield, Mo., for defendant United States of America.

Lewis F. Randolph, of St. Joseph, Mo., for defendant Marie Pearl Peck.

DUNCAN, District Judge.

This is an action arising under the National Service Life Insurance Act, 54 Stat. 1008, 38 U.S.C.A. § 802, and involves a question as to whether the proceeds of a National Service Life Insurance certificate are payable to the child of the insured, or to the "contingent" beneficiary. The facts are not in dispute, and the case is submitted upon stipulation.

On March 1, 1942, while in the active military service of the United States, Ronald F. Washburn made application for, and was granted National Service Life Insurance in the amount of $8,000. In this application, No. N 1877197, he designated as "principal" beneficiaries, his wife and his mother. His wife, Betty Jean Washburn, was designated as beneficiary of $5,000 and his mother, Mrs. Eunice Washburn, as beneficiary of $3,000. He also designated his sister, the defendant, Marie Pearl Peck, as "contingent" beneficiary of the entire amount.

On February 13, 1943, there was born to the insured and Betty Jean Washburn, a son, the plaintiff.

Subsequently, on July 19, 1943, Ronald F. Washburn made application for and was granted additional National Service Life Insurance in the sum of $2,000. In this application, No. N 13040043, he designated his wife, Betty Jean Washburn, as "principal" beneficiary, and his sister, the defendant, Marie Pearl Peck, as "contingent" beneficiary.

On July 27, 1944, the insured Ronald F. Washburn was killed in action. Both certificates were in full force and effect at the time of his death. Thereafter, Betty Jean Washburn as "principal" beneficiary of $5,000 under the first certificate, and $2,000 under the second certificate, filed her claim for payment of the benefits, but before any monthly installments of such benefits had been paid to her, she died.

Thereafter the defendant, Marie Pearl Peck, as "contingent" beneficiary, filed her claim, and the installments payable under each certificate were made to her by the Veterans Administration.

L. B. Cropp, the maternal grandfather of the plaintiff, was appointed his guardian and instituted this suit to require the Administration to pay the benefits to the plaintiff. Following the institution of the suit, the payment of all further installments to the "contingent" beneficiary were suspended by the Administration.

Plaintiff contends (1) that the National Service Life Insurance Act does not authorize the designation of a "contingent" beneficiary and (2) that the "principal" beneficiary, Betty Jean Washburn, having survived the insured, the insurance is, in accordance with the Act, payable to the plaintiff, the surviving child of the insured, and not to the "contingent" beneficiary.

In its answer the United States denies the contention of plaintiff that the Act does not authorize the designation of a "contingent" beneficiary, and in the prayer of its answer asks the Court to adjudge whether the benefits, which it admits to be due, are payable to the plaintiff, or to the defendant Marie Pearl Peck as "contingent" beneficiary.

However, in its brief, the United States contends that the Administration has construed the words "beneficiary or beneficiaries" as used in paragraph (g) of Section 802 as conferring upon the insured the right to designate a "contingent" beneficiary, and asks the Court to uphold its interpretation and direct that the benefits be paid to the "contingent" beneficiary, Marie Pearl Peck.

While in his brief plaintiff contends that the insured was not authorized to designate a "contingent" beneficiary, yet he insists that it is not necessary to decide that question in view of the fact that the "principal" beneficiary survived the insured, thus defeating any possible right of the "contingent" beneficiary to the benefits.

I cannot agree with the contention of the plaintiff in this respect. If the insured was not authorized to designate a "contingent" beneficiary, then upon the death of the beneficiary, the surviving child was entitled to the insurance, under the Act, regardless of any other fact or circumstance.

The Administration contends that the words "beneficiary or beneficiaries" as used in paragraph (g) of Section 802 authorized the designation of a "contingent" beneficiary by the insured. Paragraph (g), Section 802, of the Act provides: " * * * The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

In answer to the Administration's contention that these words confer the right to appoint a "contingent" beneficiary, the plaintiff insists that such words only authorize the designation of a multiplicity of "principal" beneficiaries, such was done by the insured in the first application signed by him, in which he designated his wife as the principal beneficiary of $5,000, and his mother as the principal beneficiary of $3,000, and that it does not·confer the right to designate a contingent or succession of beneficiaries.

If the words "beneficiary or beneficiaries" as found in paragraph (g) of this section was the only language used in the statute with reference to the right of an insured to designate the person to receive the benefits, i.e., a "beneficiary", I should be inclined to agree with the plaintiff's contention that the use of such words in the section did not authorize the insured to designate a "contingent" or a successor beneficiary, but such

is not the fact, because we find in the same section (h) (3) this language:

"Any installments certain of insurance remaining unpaid at the death of any beneficiary shall be paid in equal monthly installments in an amount equal to the monthly installments paid to the first beneficiary, to the person or persons then in being within the classes hereinafter specified and in the order named, unless designated by the insured in a different order—

"(A) to the widow or widower of the insured, if living;

"(B) if no widow or widower, to the child or children of the insured, if living, in equal shares;

"(C) if no widow, widower,. or child, to the parent or parents of the insured, if living, in equal shares;

"(D) if no widow, widower, child, or parent, to the brothers and sisters of the insured, if living, in equal shares."

The Veterans Administration, the administrative agency, has construed the Act as authorizing the selection of any person within the statutory classes beyond the first designated beneficiary to receive the benefits should they not be paid to the "principal" or first designated beneficiary.

It is a well settled rule of law that the construction placed upon a statute by those who are charged with the responsibility of administering it, is presumably correct and will not be judicially otherwise construed, except for strong and impelling reasons. United States v. Citizens Loan & Trust Co., 316 U.S. 209, 62 S.Ct. 1026, 86 L.Ed. 1387; United States v. Moore, 95 U.S. 760, 24 L.Ed. 588; Robertson v. Downing, 127 U.S. 607, 8 S.Ct. 1328, 32 L.Ed. 269; United States v. Jackson, 280 U.S. 183, 193, 50 S.Ct. 143, 74 L.Ed. 361; United States v. Madigan, 300 U.S. 500, 57 S.Ct. 566, 81 L.Ed. 767; New York, Chicago & St. Louis Railroad Co. v. Frank, 314 U.S. 360, 62 S.Ct. 258, 86 L.Ed. 277; Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561; United States v. Chicago, N. S. & M. R. Co., 288 U.S. 1, 53 S.Ct. 245, 77 L.Ed. 583; United States v. American Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345. But of course, this rule does not impose upon the Court the responsibility of upholding the construction of an administrative agency, if that construction is clearly wrong.

With that rule of law in mind I should, as heretofore stated, be inclined to disagree with the Administration that the words "beneficiary or beneficiaries" as used in paragraph (g) of the section, authorizes the selection of a "contingent" or *successor* beneficiary. However, when I read in section (h) (3) the language *"unless designated by the insured in a different order"*, I am convinced that it was the intention of Congress that an insured should have the right to determine to whom, within the permitted classes, the benefits should be paid in the event the primary or first beneficiary should not *survive* to collect all or any of the benefits.

The contention of the plaintiff that the Act does not authorize the selection of a "contingent" or successor beneficiary is therefore, resolved against him.

Having determined that the Act authorizes the selection of a "contingent" or successor beneficiary, we must determine whether or not the death of the "principal" beneficiary subsequent to the death of the insured and prior to receiving any benefits, defeats the right of the "contingent" beneficiary to receive the benefits.

Selection by the Administration of the word "contingent" to express the designation by the insured of some person to receive the benefits if the "principal" beneficiary should not survive to receive payment thereof, or should die prior to the receipt of the full amount of the benefits, is also attacked by the plaintiff. He contends that the word "contingent" as defined by the Courts with respect to its use in ordinary life policies would deny to the "contingent" beneficiary the right to the proceeds unless the "principal" beneficiary should die before the death of the insured.

The word "contingent" means "Happening from unforeseen causes, or subject to unforeseen conditions, accident or incidental; chance. Uncertain and contingent causes. Tillotson." Webster's New International Dictionary.

As defined in 17 C.J.S., p. 182 "Contingent" is defined as: "Dependent for effect on something that may or may not occur, on a foreseen possibility, or on that which is undetermined or unknown; not existing or occurring through necessity; possible or liable, but not certain, to occur; also falling or coming by chance, without design or expectation."

The word "contingency" when used with reference to the vesting of, and use of a remainder means the vesting of the estate

depends on an uncertain event, as the death of a person, or the taking effect of a certain event. Tayloe v. Gould, 10 Barb., N.Y., 388; Vol. 9, Words and Phrases, Perm.Ed.

The word "contingent" or "contingent beneficiary" is not to be found in the Act. The term is entirely of the Administration's own selection.

Following the passage of the Act, the Administration caused to be compiled and distributed among the Services, a booklet, which was introduced in evidence, which gave all the information in considerable detail with reference to obtaining National Service Life Insurance. It contained the Administration's rules and regulations and its complete interpretation of the Act. In paragraph 12 of the booklet, the following information is contained:

"(a) The insured has a right to designate a beneficiary or beneficiaries of the insurance within the following classes: Wife (husband), child (including an adopted child, stepchild illegitimate child), parent (including parent through adoption and persons who have stood in loco parentis (in place of a parent) to the insured at any time prior to his entry into active service for a period of not less than 1 year), brother or sister (including those of the half blood) of the insured.

"(b) The insured may designate, in addition to the principal beneficiary or beneficiaries, any person or persons within the permitted class as contingent beneficiary or beneficiaries. A contingent beneficiary so designated will take the monthly installments of insurance if the *specified principal beneficiary should not survive so as to receive any installment or installments of insurance,* or will take any remaining monthly installments certain if the specified principal beneficiary survives the insured and receives one or more monthly installments but dies before all the monthly installments certain have been paid." (Emphasis supplied).

Thus we find that the Administration quite early in the history of the Act chose the word "contingent" to convey to the prospective applicants for National Service Life Insurance, their right to select a successor beneficiary. It is to be observed in (b) of this paragraph, the prospective applicant is told that he may designate, in addition to the "principal" beneficiary or beneficiaries, any person or persons within the permitted classes, as "contingent" beneficiary or beneficiaries. He is likewise informed that: "A contingent beneficiary so designated will take the monthly installments of insurance if the *specified principal beneficiary should not survive so as to receive any installment or installments of insurance. * * *.* (Emphasis supplied.) or take any monthly installments certain if the "principal" beneficiary dies before all such installments certain have been paid.

We must assume that the insured was fully advised with respect to his rights to select any person he desired within the statutory classes to receive the benefits, and a space was provided in the application blank to designate a "contingent" beneficiary.

It will not be disputed, I am sure, that it is a well established principle of law that where a beneficiary survives the insured, however short the length of time may be between the death of the insured and that of the beneficiary, the rights of a "contingent" beneficiary are lost, and that upon the death of the insured, the benefits immediately become due to the surviving principal beneficiary. Dinwiddie v. Metropolitan Life Ins. Co., 204 Ark. 677, 163 S.W.2d 525; Staunton v. Provident Life & Accident Ins. Co., 69 Ohio App. 27, 42 N.E.2d 687; German-American Trust Co. v. Ten Winkel, 62 Colo. 96, 160 P. 188; McKinney v. Depoy, 213 Ind. 361, 12 N.E. 2d 250.

With that principle of law in mind, if the facts in this case had arisen under an ordinary life insurance policy, there could be no question but that immediately upon the death of the insured, the right to the insurance would have vested in the "principal" beneficiary, his wife, and that the "contingent" beneficiary would have acquired no interest in the benefits, but in this case the insurance was provided for by a special Act of Congress, for those in the Armed Forces, and we must find the answers to our questions within the Act itself.

In paragraph (i) the Act provides: "The right of any beneficiary to payment of any installments shall be conditioned upon his or her *being alive to receive such payments.* No person shall have a vested right to any installment or installments of any such insurance *and any installments not paid to a beneficiary during such beneficiary's lifetime* shall be paid to the beneficiary or

beneficiaries within the permitted class next entitled to priority, as provided in subsection (h)." (Emphasis supplied.)

The Act further provides in paragraph (j): "No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary, * * *."

These provisions that no person shall have a vested interest in the benefits of the insurance, and that the proceeds thereof shall not be paid to the "heirs or legal representatives as such of the insured or of any beneficiary," very clearly distinguish this case from the cases cited by plaintiff.

Referring back to paragraph (h) (3) we find that: "Any installments certain of insurance remaining unpaid at the death of any beneficiary shall be paid in equal monthly installments in an amount equal to the monthly installments paid to the first beneficiary, to the person or persons then in being within the classes hereinafter specified and in the order named, *unless designated by the insured in a different order—.*" (Emphasis supplied.)

Assuming that the insured had a right to designate a "contingent" beneficiary, or a person to take the benefits after the death of the "principal" beneficiary, there could be no question as to whom the benefits should be paid, had the "principal" beneficiary survived the insured long enough to collect even a single monthly installment. Under such facts, the remaining unpaid installments would have been payable to the "contingent" beneficiary. Had he not designated a "contingent" beneficiary, then upon the death of the "principal" beneficiary, the benefits would have been payable "(a) to the widow or widower of the insured, if living; (b) if no widow or widower, to the child or children of the insured, if living, in equal shares * * *".

■ However, the "principal" beneficiary did survive the insured, but not sufficiently long to receive any benefits. The mere fact that she survived the insured did not vest in her any rights in the insurance, nor confer any rights upon her heirs or legal representatives. Had she collected one installment, the remaining benefits would have been paid to the "contingent" beneficiary, under the provisions of subsection (h) (3). Could the fact that she survived, but collected no benefits, destroy the apparent intention of the insured as to the disposition of the benefits beyond the life of the "principal" beneficiary? I think not—in view of the language of the statute.

The sentence in paragraph (i) "* * * The right of any beneficiary to payment of any installments shall be conditioned upon his or her being alive to receive such payments * * *", must have been placed in the section for some purpose. Taken alone, it could have no possible meaning. Certainly a person who was not alive could not receive payment of any benefits. I think this sentence must be read in connection with the following sentence, that: "No person shall have a vested right to any installment or installments of any such insurance and any installments not paid to a beneficiary during such beneficiary's' lifetime shall be paid to the beneficiary or beneficiaries within the permitted class next entitled to priority, as provided in subsection (h)."

Subsection (h) (3) provides to whom it shall be paid, unless directed "in a different order." In this case, the insured directed that it be paid "in a different order."

The right of the "contingent" beneficiary to receive the benefits is not conditioned upon the death of the "Principal" beneficiary prior to that of the insured, nor is it conditioned upon the failure of the "principal" beneficiary to survive the insured, and collect a monthly installment. Had such monthly installment been collected by the "principal" beneficiary, then upon her death the "contingent" beneficiary would have been entitled to the remainder of such benefits, but as the "principal" beneficiary survived the insured, the "contingent" beneficiary was entitled to all the benefits.

As no benefits were paid to such "principal" beneficiary during her lifetime, the entire amount thereof was, under subsection (i) payable in accordance with the provisions of subsection (h).

Defendant, Marie Pearl Peck having been designated by the insured "in a different order" from that specified by the Act, she is entitled to the benefits. Ordered accordingly.