**BURTON v. UNITED STATES et al.**
Civ. No. 2920.

United States District Court
W. D. Louisiana, Shreveport Division.
Feb. 12, 1951.

Noel L. Adams, Jr., Joseph R. Bethard, Shreveport, La., for plaintiff.

Harvey L. Carey, James R. Alexander, Shreveport, La., for United States.

John S. Webb, Shreveport, La., for defendant Jones.

DAWKINS, Chief Judge.

The petition alleges that Henry Burton, Jr., on June 26, 1943, while in the military service of the United States, was issued a National Service Life Insurance policy in the sum of $10,000. He designated his then wife, Lizzie Burton, and his father, Henry Burton, Sr., beneficiaries, and directed that the proceeds were "to be divided equally or all to survivor" as between them, with the plaintiff herein, insured's brother, named as "contingent beneficiary"; that insured died on December 28, 1946, thus maturing the policy, and that the Veterans' Administration recognized that two named beneficiaries as entitled to receive monthly installments, according to their election; and that Henry Burton, Sr., died on November 13, 1948, leaving unpaid the remainder of his half, consisting of some fourteen monthly installments of $144.95, or a total of $2,029.-30. The other named beneficiary continued to receive similar installments for her half. Further, that the insured was divorced from Lizzie Burton on October 11, 1946; that on October 16, 1946, she was married to one Jones, during the lifetime of her former husband, and was, therefore, not within the permissible relationship, as "widow" of the

soldier, who could be designated or receive as a beneficiary under the policy, according to the law as it existed when the policy was issued; that, for the same reason, she was not entitled to and could not legally receive the unpaid installments which would have gone to the father of the insured but for his death; and that the contingent beneficiary, plaintiff, is entitled to receive them. In the alternative, if not entitled to the remaining installments as contingent beneficiary, then under the provisions of Paragraph (h) (3) (D) of Section 802, Chapter 13, Title 38 U.S.C.A., they should go to the brothers and sisters of the insured, including plaintiff, who were the nearest survivors in the permissible class of both the insured and the deceased beneficiary; and, in the second alternative, if the brothers and sisters were not entitled to said installments, they belonged to the estate of the deceased beneficiary, Henry Burton, Sr., and were inherited at his death by his said children.

The United States and Lizzie Burton Jones having been sued jointly, both answered, admitting substantially the allegations of fact, but denying the legal conclusions flowing therefrom. The Government tendered the issue, as a stakeholder, and indicated its willingness to pay the remaining installments as they fell due under the policy to whoever might be found lawfully entitled thereto; while the defendant, Lizzie Burton Jones, prayed judgment in her favor for the sum thus involved.

The matter has been submitted upon a motion for summary judgment by defendant Jones. Counsel for the Government and defendant Jones have filed briefs, but none has been submitted by counsel for complainant.

When the policy of National Service Life Insurance was issued, Section 602(g), Chapter 757 of the Act of October 8, 1940, 54 Stat. 1010, declared that, in the event of death such insurance should be paid "only to a widow, widower, child * * * parent * * * brother or sister of the insured", whom the insured might designate as he chose, "but only within the class * * provided."

The Act of August 1, 1946, amending the Act of 1940, with respect to National Service Life Insurance, declares: Chapter 728, 60 Stat. 782, 38 U.S.C.A. § 802(g) "Sec. 4. Section 602(g) of the National Service Life Insurance Act of 1940, as amended, is hereby amended by substituting a colon for the period at the end thereof and adding the following: 'Provided, That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after the date of enactment of the Insurance Act of 1946.' "

Thus is appears that all restrictions as to permissible beneficiaries were removed insofar as policies maturing after August 1, 1946, the date of the amending act, were concerned.

The only question, therefore, is as to the proper interpretation of the words "to be divided equally or all to survivor" in the light of the admitted facts. Was it intended that the proceeds of the policy were to be divided equally, if both beneficiaries survived the insured, and if only one, the whole was to go to the remaining beneficiary; or did it mean that, under the law as it then stood in 1943, the death of either one at any time after the policy matured and before all the installments were paid would entitle the surviving beneficiary to the other's remaining share? Had the law not been amended, at the death of the soldier, a serious impediment would have existed as to the recovery of anything by defendant Jones, for at that time she was not only not a "widow" of the deceased, in a legal sense, but had been divorced and had remarried.

Of course, the primary duty of the court is to recognize and make effective the wishes and intentions of the soldier, within the permissible provisions of the law making available this type of insurance, as has been frequently held. Woods v. United States, D.C., 69 F.Supp. 760; Citron v. United States, D.C., 69 F.Supp. 830; and Hartman v. United States, D.C., 78 F.Supp. 227. In considering the motion for summary judgment, nothing appears to indicate

the desire of the soldier in a situation where not only the relationship of wife, which, at the time of issuing the policy in 1943 permitted her to be a beneficiary, had terminated and thus removed her as such permissible beneficiary, but she could not be termed legally his "widow." Any possibility of reconciliation and reuniting of the spouses had been removed by the remarriage of the former wife to another man. While every one is charged with a knowledge of the law, including the original statute and its subsequent amendment as of August 1, 1946, the probabilities are that the deceased knew nothing of the change in the statute or its legal consequences. It is not possible to say whether he thought the divorce would eliminate his former wife as a beneficiary, or whether, notwithstanding the amendment, he chose to let her remain as such for the approximately two and one-half months that elapsed after the divorce before his death.

■ This same amendment of the Act eliminated not only all restrictions as to permissible beneficiaries, thus bringing into play the state law, including the order of inheritance as between heirs of deceased and his beneficiaries, but placed the insured on a parity with others in ordinary life insurance contracts. In other words, nothing remained to prevent the next of kin of the soldier from inheriting, if none of the named beneficiaries survived. Nor was there anything to prevent the heirs of a beneficiary from inheriting his rights, if title to proceeds of the policy had become unconditionally vested in such beneficiary.

■ As it was written, the policy provided two named beneficiaries, "to share equally, or *all* to survivor," and contingently that a named brother should take it all, if the then wife and father did not survive. Survive whom or what? Was it the insured that each had to survive, or each other? It seems clear that the death of either, before the insured, would have made the other the sole beneficiary, and if both died, the brother would have been entitled to all the insurance benefits.

But this did not happen, and the father correctly received almost two-thirds of his share before his death, in exact accord with the law and the direction of the insured. From this, it is seen that the condition which would unquestionably have entitled the wife to receive the whole insurance, but for divorce and remarriage, did not happen. To hold now that the provision means what the defendant Jones contends would be to have inserted the underscored matter in the following quotation: " * * all *or any unpaid part thereof* to survivor" Does the word "all" have any significance in the interpretation of the phrase, "to be divided equally or *all* to survivor"?

Undoubtedly, so long as either of the first named beneficiaries survived and remained eligible for the benefits, he or she, after they were collected, not only could give the money to whoever was desired, but after death the same would become part of his or her estate. As stated, all restrictions of every kind had been removed when both the soldier and his father died.

The date of accrual or time of disposition, as between the named beneficiaries, was necessarily at the death of the insured. Hence, the word "all," in the phrase "all to survivor," meant the entirety of the benefits should go to whichever survived. Here, however, that contingency or condition never occurred, and the original equal division applied, thus leaving unprovided for the effects in event of the death of the father, after he had collected some two-thirds of the benefits, with its determination to be made by proper interpretation and the application of legal principles. This should be done by a fair and reasonable interpretation of the terms used in the application for the insurance which the soldier signed, and which contains the sole evidence of his expressed wishes as to who should be paid his insurance.

On the reverse side of this application, which the insured signed, under the heading of "Specific Instructions," he was told that, within the restricted class "the insured may name any person or persons * * * as contingent beneficiary or beneficiaries who will take the monthly installments of insurance if the principal beneficiary or beneficiaries predecease the insured, or take any remaining monthly installments if the prin-

cipal beneficiary or beneficiaries survive the insured but die before all installments certain have been paid."

Here again if, at the death of the soldier, both the then wife and the father had preceded him to the grave, his brother, named as the contingent beneficiary, undoubtedly would have been entitled to the entire benefits of the policy. That condition also never occurred. But the primary condition of survival of both first named beneficiaries requiring equal division was fulfilled, thereby eliminating the second or survivor condition as between themselves, as well as the third (the death of both the wife and the father of the soldier before the insurance became payable).

In ordinary life insurance, it is fairly well settled that if the principal beneficiary survives the insured, the former becomes entitled to the insurance and the rights of any contingent beneficiary are lost. Dinwiddie v. Metropolitan Life Ins. Co., 204 Ark. 677, 163 S.W.2d 525; Staunton v. Provident Life & Accident Ins. Co., 69 Ohio App. 27, 42 N.E.2d 687; and McKinney v. Depoy, 213 Ind. 361, 12 N.E.2d 250.

See Corpus Juris Volume 69, Section 1346 et seq., verbo Wills. (The situation here, in principle, is similar to that applying to similar survivor clauses in wills.)

In Washburn v. United States, D.C., 63 F.Supp. 224, District Judge Duncan of the Western District of Missouri, found under the act here involved, as it then stood in 1945, before the amendment of August 1, 1946, that the language in subsection (h) (3), reading, "Any installments certain of insurance remaining unpaid at the death of any beneficiary shall be paid in equal monthly installments * * * to the person or persons then in being" within the four classes (A), (B), (C) and (D), in the order recited, "unless designated by the insured in a different order", justified the conclusion that the soldier had been given the right to name a contingent beneficiary, which, with the "Instructions" above quoted (being the construction put upon the act by the Veterans' Administration), supported the Judge's conclusion that a sister of the insured, so contingently designated, should be awarded the entire insurance. In that case, the soldier first applied for and was issued $8,000 of insurance, $5,000 payable to his wife and $3,000 to his mother, and designated his sister as contingent beneficiary for the entire amount of the policy. Later, $2,000 additional insurance was obtained, naming the wife as the first or principal beneficiary and the same sister as contingent beneficiary, as was done in the first policy. The insured was killed on July 27, 1944, while both certificates were in force. The wife filed claims both for the $5,000 in her favor, as one of the beneficiaries in the first policy, and for the $2,000 in the second, "but before any monthly installments of such benefits had been paid to her, she died." In view of the restricted classes of relations which the soldier could name as beneficiaries or in event of failure to do so, beyond the first named, the Court found the statutory order should apply, and it was decided that, under the law as it then stood in 1945, the court was warranted in finding in favor of the contingent beneficiary, the sister, as against demands of the guardian of a child born to the deceased and his said wife during the lifetime of both spouses.

The difference between that case and the present one is that here, when the insured died on December 28, 1946, all of the provisions of the National Service Life Insurance Act, as well as the regulations or interpretations by the Veterans' Administration as to beneficiaries, had been repealed, leaving the interpretation found in the decisions dealing with ordinary life insurance in full force and effect.

It would be carrying the meaning of "survivor" too far in the judgment of this court to say that the insured intended or even contemplated the development which actually took place, that is, the death of one of the primary beneficiaries long after the accruing of his rights under the provision for equal shares if they were living, and to say that the insured, therefore, provided how the remaining unpaid installments at the death of either should be disposed of. To so hold would be, as stated earlier, to write into the insurance con-

tract something that is not there, to wit, that unpaid installments should go to the survivor. The conclusion is that in view of the amendment of August 1, 1946, the law of the state with respect to who should receive the unpaid installments applied both at the death of the soldier and that of his father.

Since the contingent condition in favor of the plaintiff here, to wit, the death of both primary beneficiaries, has not occurred even at this time, and for the further reason that it is believed any further consideration of that contingency ended at the death of the insured, he has no standing here to claim the whole of the unpaid installments for himself alone, but should share in the benefits with the next of kin to his father, sons and daughters or descendants of these.

There should be judgment accordingly. Proper decree may be presented.