### CITRON v. UNITED STATES et al.
### Civ. No. 29101.

District Court of the United States for the District of Columbia.

Jan. 29, 1947.

Warren E. Miller, of Washington, D. C., for plaintiff.

D. Vance Swann, of Washington, D. C., for defendant, United States.

Edward Gallagher, of Washington, D. C., and Sidney A. Wolff, of New York City, for defendant, Rosenschein.

LETTS, Associate Justice.

This is an action upon a contract of National Service Life Insurance wherein the Government admits liability. There is a dispute, however, between Louise H. (Rosenschein) Citron, the remarried widow of the insured, and Adelaide Naftel Rosenschein, the mother of the insured, each of whom claims entitlement to the proceeds under the contract as beneficiary thereof. The undisputed facts are as follows:

Robert I. Rosenschein entered the military service as a cadet in the Army Air Force on January 22, 1942, and he applied for and was granted a $10,000 contract of National Service Life Insurance, effective January 22, 1942, for which he named his mother, Adelaide Naftel Rosenschein, principal beneficiary, and his father, David Rosenschein, contingent beneficiary. On the 6th day of February, 1943, he was married to Louise Hope Winer. On July 3, 1943, he was killed in an aeroplane crash. At the time of his death his contract of insurance was in full force and effect and the same ·matured by reason of death.

Certified photostatic copies of the Adjutant General's Office records, offered in evidence, bear a notation therein that Adelaide Naftel Rosenschein is the principal beneficiary, and David Rosenschein is the contingent beneficiary. This notation appearing in the service record has lines drawn through it, and on another page of the record appears the notation that Louise H. Winer Rosenschein is the principal beneficiary, and that Adelaide Naftel Rosenschein is the contingent beneficiary. This record does not indicate what is meant by the term beneficiary; that is, whether the beneficiary is for insurance or for some other purpose. The record also contains a photostatic copy of W.D., A.G.O. Form 41 (Change of Beneficiary) wherein it is stated that Louise H. Winer Rosenschein is the principal beneficiary, and Adelaide Naftel Rosenschein and David Rosenschein are contingent beneficiaries. This form is relied upon by the plaintiff as constituting a change of beneficiary of the National Service Life Insurance from the mother of the insured to herself.

The testimony of Colonel J. F. O'Brien, who was in charge of the insurance program of the War Department during the period in question, was to the effect that W.D., A.G.O. Form 41 was originally designed for the purpose of designating a beneficiary for the six months gratuity pay which is payable in certain cases if death occurs while in the active service, and that it was never intended to be used for the purpose of changing the beneficiary of insurance. Colonel O'Brien further testified, however, that notwithstanding the fact that the sole purpose of this form was for the naming of the beneficiary for the gratuity pay, nevertheless, it was erroneously used by army officials both at home and abroad for the purpose of effecting a change of beneficiary for insurance.

In support of her contention that the form was used in this case for the purpose of changing the beneficiary for insurance. the plaintiff testified that she met her hus

band at the Army Air Base at Albuquerque, New Mexico, on the morning of February 16, 1943, and that she accompanied him to the Finance Office of the camp, and that he requested the clerk in charge to give him a form in order that he might change the beneficiary of his National Service Life Insurance; that the form was given to Rosenschein by the clerk, and that they returned to the post exchange, where he proceeded to fill out such form in his own handwriting. She identified the photostatic copy of W.D., A.G.O. Form 41 as being the form which was handed her husband by the clerk and which was filled out in her presence. It is noted that the date upon this form is filled in by typewriter and bears the date February 27, 1943. This form was never filed in the Veterans Administration, however, after the death of the insured and pursuant to a request of the Veterans Administration, a second photostatic copy of W.D., A.G.O., Form 41, dated May 15, 1943 was forwarded to that agency by the War Department. In that form it was stated that Louise H. Winer Rosenschein was principal beneficiary, and that Adelaide Naftel Rosenschein and David Rosenschein were contingent beneficiaries. This form was not regarded as a change of beneficiary by the Veterans Administration, and the claim of the widow was denied.

The National Service Life Insurance Act of 1940, as amended, specifically authorized the insured to designate his mother as the beneficiary of his insurance and "subject to regulations" it also authorized him to change the beneficiary to his wife without the consent of his mother. 54 Stat. 1009, 38 U.S.C.A. § 802(g).

■ The applicable regulation, as promulgated by the Administrator pursuant to his statutory authority provides "* * * a change of beneficiary to be effective must be made by notice in writing signed by the insured, and forwarded to the Veterans Administration by the insured or his agent, and must contain sufficient information to identify the insured. Whenever practical such notice shall be given on blanks prescribed by the Veterans Administration. Upon receipt by the Veterans Administration, a valid designation or change of beneficiary shall be deemed to be effective as of the date of execution * * *." The purpose of this regulation is to create a standard for effectuating a change of beneficiary and is intended largely for the protection of the Government against liability of payment to the wrong person, or double payment of benefits. Claffy v. Forbes, D.C., 280 F. 233; Peart v. Chaze, D.C., 13 F.2d 908; Chichiarelli v. United States, D.C., 26 F.2d 484; Farley v. United States, D.C., 291 F. 238; Bradley v. United States et al., 10 Cir., 143 F.2d 573, certiorari denied, 323 U.S. 793, 65 S.Ct. 429, 89 L.Ed. 632.

■ The burden is upon the widow, who claims as substitute beneficiary, to show that the insured during his lifetime effected a valid change of beneficiary from his mother to her. Strict compliance with the regulation above quoted is not an absolute requisite to the maintenance of this burden of proof, for if Rosenschein intended to change the beneficiary of his insurance and did everything reasonably within his power to accomplish this purpose, the Court must treat as done that which the insured intended to be done. See Bradley v. United States, et al., supra, and cases therein cited, and Roberts v. United States et al., 4 Cir., 157 F.2d 906.

■■ It is an avowed purpose of the law that the intention of a soldier with respect to the designation of a beneficiary of insurance shall be ascertained and carried into effect. This soldier had the clear right to change the beneficiary of his insurance when and as he wished. The rule stated requires only that he shall have formed the intention to make the change and have done some affirmative act to effectuate his purpose. In an effort to carry out his intention he did that which was most natural and reasonable in the circumstances in which he was placed. He was in the military service of his country; his time, movements and conduct were controlled and dominated by his superior officers. He had no place to turn for advice or assistance in effectuating his purpose other than to his superiors in the service; he presented himself at the finance office and requested an appropriate form by the use of which he might effect a change of his beneficiary for insurance; he accepted form W.D., A.G.O. 41 and used

same as the proper form for the change of his beneficiary.

The evidence clearly shows that the deceased veteran intended to effectuate a change, making his wife the beneficiary of his National Service Life Insurance. In using the form provided by the finance office and lodging it with that office when properly executed he did all that reasonably might be expected of him to accomplish his purpose and effectively change his beneficiary. The facts of this case bring it fully within the rule above announced.

Counsel for plaintiff will present for settlement findings of fact, conclusions of law and a judgment form consistent herewith.