## WOODS v. UNITED STATES.
### Civ. No. 233–D.

District Court, M. D. Alabama, S. D.

Jan. 30, 1947.

J. Hubert Farmer, of Dothan, Ala., for plaintiff.

E. Burns Parker, U. S. Atty., and Thomas M. Stowers, Asst. U. S. Atty., both of Montgomery, Ala., for United States.

Charles A. Ball and Richard A. Ball, of the firm of Ball & Ball, of Montgomery, Ala., for defendants Rita Grace Rogers and Thelma Mildred Woods Weaver.

to effectuate the manifest intention of the insured; and that if he manifests an intent to make a change and has done everything reasonably within his power to accomplish his purpose, leaving only ministerial acts to be performed by the insurer, the courts will treat that as done which ought to have been done and give effect to the insured's will. In the pending case, we have found that the insured not only expressed his intention to change the beneficiary in the policy, but also set in motion the machinery devised by the United States to accomplish the desired result. In this way he performed the affirmative act for the lack of which the majority of the court in the Bradley case concluded that the change of beneficiary had not been accomplished. Since such an act was performed here, we have no occasion to consider the view expressed by Judge Phillips in his dissenting opinion in that case that the statement in a confidential report of an officer that he has designated his wife as beneficiary is itself sufficient to effectuate the change."

The contract of National Service Life Insurance was between the insured, Eugene Dean Woods, and the United States of America. No third party or parties had any vested interest in this contract. Under the laws enacted by Congress, and the conditions of the contract of insurance, the insured had the legal right to designate certain persons as beneficiary or beneficiaries of his service insurance; and the insured had the right to change the designated beneficiary or beneficiaries, as long as he named some one within the permissible class of persons who could, under the law and terms of the contract of insurance, be beneficiaries.

When the insured designated his sisters as the beneficiaries of his service insurance, he was an unmarried man, and his sisters, by law and the terms of the contract of insurance, were qualified to be beneficiaries of such insurance. At the time the insured designated his sisters as the beneficiaries of his service insurance, his future wife was not qualified by law and the terms of the contract of insurance to be a beneficiary. When the insured and the plaintiff married, she then became qualified to be a beneficiary of such insurance.

CHARLES B. KENNAMER, District Judge.

In Roberts v. United States, 4 Cir. 157 F.2d 906, 909, speaking through Judge Soper, says: "We are in accord with the views expressed in Bradley v. United States, 10 Cir., 143 F.2d 573, where it is said that in war risk insurance cases involving change in beneficiary the courts brush aside all legal technicalities in order

The insured and the plaintiff, both residents of the same county in southeast Alabama, were married on April 4, 1942, while he was at home on furlough, and shortly thereafter he began to concern himself with changing the beneficiaries of his insurance to his newly acquired wife, just about the way every normal husband does, only perhaps a little more so because he was in a dangerous and hazardous business, the military service of his country. Within a few days after his marriage, he stated to his Uncle that he was going to change the beneficiary of his $10,000 government insurance policy to his wife Gladilou. In less than a month after his marriage to the plaintiff, from his post of duty at Muroc, California, he wrote his wife that he had made a will that day and had his insurance made out to her; and he did make a will that day in which he willed all of his estate to her. And his reason for doing this was because of a couple of accidents that day and he realized that such could easily happen to him and he wanted to make the will and have his insurance made out to his wife before it was too late.

On May 9, 1942, he again wrote to his wife, the plaintiff, and in this letter he stated that he just got the blanks back for changing his last insurance policy to her and that if he ever got them all fixed up she would have three on him, meaning, of course, three policies. Then on May 18, 1942, he executed the form which was captioned, "Designation of Beneficiary", and in which he named this wife of his as the person eligible to be his beneficiary.

The statute does not by its own language prohibit such change of beneficiary by will, and only by resort to the regulations made thereunder, is there found such prohibition. The purpose of such regulation is to avoid confusion and to protect the insurer. In this case no payment, in any amount, to any one, has been made on the insurance. To hold the designation in the will alone to be sufficient to change the beneficiary would not change the liability of the insurer, and would certainly give effect to the manifest intention of the soldier.

However, regardless of what this court would hold on this question should the occasion arise, it is quite clear that the last will and testament of the deceased husband is expressive of his desire that his wife have all of his estate, and that it is another link in the chain of actions on his part to leave his insurance to his wife, the plaintiff. To this court, this soldier-boy took advantage of every opportunity accorded him to designate his wife as the beneficiary of his every earthly possession, especially his service insurance. There is no doubt in the mind of this court that this insured, at the time he made his will, and on each occasion when he executed a blank for changing the beneficiary of an insurance policy or a form for designation of beneficiary, it was his intent and purpose that his wife, upon his death, be the beneficiary of the proceeds of his service life insurance.

Briefly summarizing it may be stated that in positive affirmation of the deceased husband's manifest intention to give his wife his insurance, he took four different, substantial steps, and as hereinbefore set forth.

All of this was done within less than six months after the Japanese attack on Pearl Harbor, and the subsequent declaration of war by our country; at a time when this nation was in dire peril; at a time when the foundation was being laid for a great citizens' army of millions; at a time when the plaintiff's husband, who was a member of that hazardous branch of the service, the Air Corps, was on the move.

In such a situation, this court will not require that this plaintiff's husband should have complied with all of the technical regulations that had been formulated, but is content to hold that he did that which he thought he should do to give a measure of protection for his wife, and for his baby, who was born a few days before its father was killed in action.

Throughout the history of the civilized world, since the decrees of Julius Caesar, the intention and wish of the soldier, killed in the line of duty, with relation

to designation of beneficiary or disposing of property, has been carried out whenever ascertained; and simple remedial justice requires, under the facts in this case, that the intention and wish of the deceased soldier be carried out. This court, by its judgment herein rendered, so orders.