ELDERS   v.   UNITED STATES et al.

Civ. A. No. 3051.

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 8, 1953.

George H. Davis, Columbia, S. C., for plaintiff.

Ben Scott Whaley, U. S. Atty., Charleston, S. C., Claud N. Sapp, Jr., Asst. U. S. Atty., Columbia, S. C., for defendant United States.

James W. Rogers, Edward W. Mullins and Frank L. Taylor, Columbia, S. C., for other defendants.

WYCHE, District Judge.

This is an action to determine the ownership of the proceeds of a $10,000 Policy of National Service Life Insurance on the life of Private First Class William Calhoun Elders, U. S. Army, who died on the 9th day of June, 1944, as a result of wounds received in the Normandy Invasion during the late world war. The plaintiff, sister of the insured, contends that the insured did all that was necessary to establish her as beneficiary of his insurance. The defendant, Helen Elders Vaughn, contends that no beneficiary was named for said insurance and that under the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq., she is entitled to the proceeds for the reason that she was his lawful wife. The United States of America admits that the insurance was in full force at the time of the death of the insured and

prays that this Court determine who is entitled to the proceeds.

I find the facts specifically and state my conclusions of law thereon.

## Findings of Fact

William Calhoun Elders and Helen Rushton were married in Lexington, South Carolina, and a daughter, Barbara Ann Elders, was born of that union October 28, 1942.

William Calhoun Elders, a resident of South Carolina, was inducted into the U. S. Army by Selective Service Board No. 68, Columbia, South Carolina, on November 17, 1942, and a $10,000 Policy of National Service Life Insurance, Certificate N-7, 490, 398, was issued to him on December 1, 1942, with no one designated as beneficiary.

While the insured was away fighting in defense of his country, his wife took up with another man by whom she became pregnant and on November 5, 1943, left the daughter of the insured, Barbara Ann, in the custody of the plaintiff, his sister, where she has remained since that time.

The unfaithful wife brought an action for divorce against the insured, who at that time was in England and who on May 26, 1944, signed the Answer and Waiver and forwarded them to the Register of Etowah County Court of Equity, Gadsden, Alabama, where the divorce action had been brought.

Daniel W. Feldstein was company clerk of Company C, 26th Infantry, First Division, U. S. Army, to which the insured was attached. His duties included the preparing of change of National Service Life Insurance Policy Beneficiary Forms when requested by enlisted personnel.

The Company Commander, Captain Allen B. Ferry, mentioned to Feldstein that there was a man in his company who wished to have his insurance beneficiary changed and Feldstein requested that the man be sent to his office in the personnel section.

The insured went to Feldstein's office on May 30, 1944, and made application for change of beneficiary, on required forms, of his National Service Life Insurance Policy to his sister, Estell Elders, giving as the reason for the change that his wife was living with another man; the application was signed by Elders and left with company clerk, Feldstein, to be forwarded to the Veterans' Administration.

In an envelope postmarked the following day, May 31, 1944, the insured sent a letter to the plaintiff in which he wrote: "Estell I had my insurance policy made out to you."

At that time the insured was near Bristol, England, at the staging area for the Normandy Invasion; there was confusion and constant moving involved; the paper work to be done before leaving England, because of combat casualties in previous combat actions in Africa and Sicily, resulted in a huge quantity of papers and records going forward to other Army and Veterans' Administration Departments which imposed a great burden on the various message center and transmittal units and papers were often lost; a day or two after that the staging area was sealed and the company left the staging area to board the assault craft.

On June 9, 1944, the insured died in France as a result of wounds received in combat.

## Conclusions of Law

It is well settled that mere intentions alone, no matter how strong, is not sufficient to effect a change of beneficiary in an insurance policy. But where, as here, abundant evidence is introduced to show that the insured soldier has done all humanly possible to effect a change of beneficiary, but due to circumstances beyond his control the requested change never reached the Veterans' Administration, justice requires that we give effect to a plainly manifest intent. Gann v. Meek, 5 Cir., 165 F.2d 857; Gifford v. United States, D.C., 289

F. 833; Reid v. Darboraw, 4 Cir., 272 F. 99; Bradley v. United States, 10 Cir., 143 F.2d 573; Claffy v. Forbes, D.C., 280 F. 233; Roberts v. United States, 4 Cir., 157 F.2d 906; Woods v. United States, D.C., 69 F.Supp. 760.

It is the order of this court that the plaintiff is the owner of and entitled to the proceeds of the $10,000 Policy No. N–7, 490, 398 of the National Service Life Insurance issued to Private First Class William Calhoun Elders, Serial Number 34514041 and that the plaintiff have judgment against the defendant, The United States, for all of the proceeds of said policy together with interest as provided by law.

It is further ordered that the attorney for the plaintiff be paid a fee of 10% of the recovery to be paid out of said recovery; and not in addition thereto.