UNITED STATES of America, on behalf of Lizzie Burton JONES, Appellant,

v.

Sally B. WILLIAMS, Annie B. Johnson, Presley Burton and Judge Burton, Appellees.

No. 15115.

United States Court of Appeals, Fifth Circuit.

March 11, 1955.

. Marcus A. Rowden, Atty. Dept. of Justice, Alan S. Rosenthal, Melvin Richter, Washington, D. C., T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., Mason P. Gilfoil, Asst. U. S. Atty., Lake Providence, La., Warren E. Burger, Asst. Atty. Gen., for appellant.

No appearance for appellee.

Before HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by Presley Burton, Jr., to recover certain unpaid installments, alleged to be owing him as contingent beneficiary under a National Service Life Insurance certificate issued to his brother on June 26, 1943. This appeal is from a summary judgment for Presley Burton, Jr., and three individuals who were not parties to this action. The opinion of the court below, with a complete statement of the issues and relevant facts, is reported in 95 F. Supp. 474.

The insured designated his wife and his father as principal beneficiaries, specifying that the proceeds of the policy were "to be divided equally or all to survivor." The insured died on December 28, 1946, while the insurance was in force. Thereafter the Veterans Administration approved the claims to the insurance proceeds filed by the principal beneficiaries, determining that each was entitled to receive, in accordance with his and her election, one-half in thirty-six equal monthly installments. On November 13, 1948, the father died, having received twenty-three installment payments, leaving thirteen unpaid. The Veterans Administration, pursuant to its interpretation of the designation of beneficiaries made by the insured, began payment of these installments to the surviving principal beneficiary, who was the former wife of the insured.

In May, 1949, however, Presley Burton, Jr., filed a claim for these installments as the designated contingent beneficiary, which was denied; and then he instituted this suit to recover the thirteen installments, ten of which had already been paid to Lizzie Burton, the former wife. The United States admitted the facts set forth in the complaint, but denied that the plaintiff, either alone or together with his brothers and sisters, was entitled to the unpaid installments. The Government contends that each principal beneficiary was a contingent beneficiary for the other's share, not only if a principal beneficiary died before the insured but if he died thereafter. The court below rejected this contention.

We agree with the court below that the crucial factor in the determination

of this case is the insured's intention as to the cross-survivorship between the wife and father, and that the critical date for ascertaining that intention is June 26, 1943, which was the date when the designation was made; but we are not in accord with the trial court's conclusions from the undisputed facts.

As the law stood in 1943, National Service Life Insurance proceeds could be paid only in monthly installments. 38 U.S.C.A. § 802(h). The law further provided that the right of a beneficiary to payment of any installments was conditioned upon his or her being alive to receive the payments, and that no beneficiary was to have a vested right to any installment unpaid at his death. If no permissible contingent beneficiary was named by the insured, the remaining installments were to be paid to relatives of the insured, falling within certain classes and in a specified order. 38 U.S.C.A. § 802(i). In the event that no person fell within the above categories, no payment at all of the unpaid installments was to be made. 38 U.S.C.A. § 802(j). The absolute nature of these restrictions against the vesting of unpaid installments from policies that matured prior to August 1, 1946, was considered at some length by the Supreme Court in United States v. Henning, 344 U.S. 66, 73 S.Ct. 114, 97 L.Ed. 101.

In the light of these restrictions, this insured could easily have foreseen a contingency such as that which eventuated in this case, namely, the death of one of the two principal beneficiaries after the insured's death. In addition, the situation that later occurred was directly brought to the insured's attention when he applied for this insurance. On the reverse side of the application for this insurance, signed by the insured, he was told that, within the classes allowed by the act, he might name any person or persons as contingent beneficiary or beneficiaries to take the monthly installments "or to take any remaining monthly installments if the principal beneficiary or beneficiaries survive the insured but die before all installments cer-

tain have been paid." Thus the express directions given the insured upon his applying for insurance outlined the specific contingency that eventuated here, and apprised him of the steps that he might take to provide for the disposition of the insurance proceeds remaining in such circumstances, which were the steps that he actually did take.

To ignore the basic circumstances surrounding the insured at the time of his making the designation would be to close our eyes to the only interpretation that takes full cognizance of the existing law and the admitted facts, which indicate clearly that the insured did foresee the possibility of the death of a co-principal beneficiary prior to payment of all installments regardless of whether said principal co-beneficiary died before him or after him. In the event that both beneficiaries died before receiving any or all of the installments, the insured's brother was to take as an additional contingent beneficiary.

■■ At the time of the designation in 1943, the insured desired his wife and father to divide the proceeds equally. They were unquestionably the most favored beneficiaries. If either died before the insured, the other was to take all of the proceeds; that was the primary meaning of the survivor clause. At that time the law forbade the vesting in a beneficiary's estate of unpaid installments; the insured was notified of the course he could take to dispose of unpaid installments if a co-beneficiary died before or after him. Logic, therefore, insists that the insured intended each co-principal to take precedence over Presley, the brother of the insured, who as between the wife and father was in fact the second contingent beneficiary. Cited in the Government's brief is the unreported case of Lamar v. U. S., decided by Judge Russell April 18, 1950, wherein he held that the use of the words "divided equally or all to the survivor" meant that if either of the co-principal beneficiaries failed to qualify, the entire remaining unpaid proceeds should be paid to the survivor; and that only upon

the death of the surviving co-principal beneficiary was the brother, as contingent beneficiary, to take the balance.

The fact that subsequent to his designation the insured's wife was divorced from him can have no effect on his intention at the time of the designation; nor can it affect her rights as a beneficiary since the policy matured after August 1, 1946. 38 U.S.C.A. § 802(g). There was no later change of beneficiaries. 38 C.F.R. (1946 Supp.) 10.3447; McCollum v. Sieben, 8 Cir., 211 F.2d 708.

For the reasons stated, the judgment appealed from is reversed, and judgment rendered here for the United States.