**AMERICAN HOMES OF NEW ENGLAND, INC.,**

v.

**UNITED STATES of America.**

Civ. A. No. 57–725.

United States District Court
D. Massachusetts.
March 12, 1959.

858

Melvin Newman, Brookline, Mass., Joseph J. Lyman, Washington, D. C., for plaintiff.

Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff seeks to recover certain taxes together with interest and costs that it allegedly paid erroneously on the earnings of certain applicators who had some kind of contractural relationship with the plaintiff. The amounts involved comprise taxes paid on the earnings of the applicators under the Federal Insurance Contributions Act, 26 U.S.C.A. § 1400, and the Federal Employment Tax Act, 26 U.S.C.A. § 1600. The claim for refund is based upon the proposition that the applicators were not employees of American Homes of New England, but on the contrary were independent contractors and as such not subject to the tax levied under the sections referred to above and collected by the defendant.

■■ The plaintiff is a corporation engaged in the business of repairing and modernizing dwelling houses and other buildings, chiefly by means of the application of roofing and siding. Contracts for the performance of this work were solicited by salesmen and the actual work of installation was done by applicators. The only question presented in this case is whether the applicators were independent contractors or employees of the plaintiff. If they were independent contractors, judgment must be entered for the plaintiff; if they were employees, judgment must be entered for the defendant. This question is not novel in this circuit and district. In Metropolitan Roofing & Modernizing Company v. United States, D.C.Mass., 125 F.Supp. 670, a very similar case, Judge Ford ruled that the applicators were independent contractors and were not employees of the plaintiff within the meaning of the statutes providing for federal insurance contributions and federal employment taxes. It is important to notice that under the statutory definition the usual common-law rules are to be applied in determining whether an individual is an employee, and under the common-law rule the test is whether the employer retains the right to direct in detail the manner in which the work is to be performed.

■ In the relationship between the plaintiff and the applicators there were no specified working hours and payment for the work done was on the basis of a fixed rate for each unit or square of material applied, a square being an area 10 X 10 feet. When the job was finished and the customer was satisfied, as indi-

cated by the signing of a completion certificate, the applicator would get all of the money that was due him for the job, less what he had drawn while the job was in progress. This drawing of funds during the work was limited to payment for the number of squares that had been completed on the applicator's certified report each Friday.

The plaintiff provided materials, ladders and staging that were to be used in some instances, but in all cases the applicator provided his own tools. The applicator worked alone or with an associate of his own choice and he had no supervision by other personnel employed by the plaintiff. Occasionally some one employed by the plaintiff would visit the job to see how it was getting along, but he had no right to control the manner in which the job was being done. If new customers approached the applicator, he referred them to the plaintiff and the plaintiff's salesmen took over. The plaintiff did have a right to terminate the applicator's work if it was not satisfactory, but this in no way determines a relationship of employee and employer. This same right exists in every contractor who had employed a subcontractor when the latter's performance falls below standard. An applicator who did not like a particular assignment was free to refuse it and in such a case the plaintiff would attempt to give him another job.

It would seem in this case, as in the Metropolitan case, supra, that while the plaintiff reserved the right to control the applicators as to the result of their work, and in the event that the results were not satisfactory to discharge them, it did not retain the right to direct them as to the means and methods by which their work was to be done. This is the principal test to be applied on the question whether a person is an independent contractor or an employee. Treasury regulations provide, 26 C.F.R. § 403 204(d), "Generally such relationships (that is, employee and employer) exist when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which the result is accomplished". The facts in the instant case do not fit this definition of employee and employer and it is the considered judgment of this court that the applicators were independent contractors and that the plaintiffs are entitled to judgment against the United States. The amount of the judgment, by stipulation of counsel in open court, is to be determined by the parties.

Judgment may be entered for the plaintiff.