James E. SMITH and James E. Smith, Administrator of the Estate of Maude Spain Smith, Deceased, Plaintiff,

v.

UNITED STATES of America, Roberta May Smith, Bertha M. Ritchie, Guardian Ad Litem for Roberta May Smith, Defendants.

No. 1749.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Feb. 26, 1964.

Charles W. Atkinson, Fayetteville, Ark., for plaintiff.

Paul Jameson, Fayetteville, Ark., Charles M. Conway, U. S. Atty., E. A. Riddle, Asst. U. S. Atty., Fort Smith, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

This is an action by the plaintiff, James E. Smith, individually and as Administrator of the Estate of Maude Spain Smith, deceased, to recover the installment benefits of a National Service Life Insurance policy under 38 U.S.C. § 784. Plaintiff commenced this action on May 11, 1963, to recover the installment benefits of one-half of a $10,000 National Service Life Insurance policy, No. 39234003, issued on the life of Cecil H. Smith. The defendant United States answered August 16, 1963, asserting that the insurance benefits in question are payable to defendant Roberta M. Smith, the minor daughter of the deceased insured and the surviving co-beneficiary. On August 16, 1963, the defendant United States filed a motion in which it asked that a guardian ad litem be appointed for the minor, Roberta M. Smith, and on August 17, 1963, the court entered an order appointing Bertha M. Ritchie, mother and custodian of Roberta M. Smith, the guardian ad litem.

On September 23, 1963, the defendant Roberta M. Smith filed an answer by and through her guardian, Bertha M. Ritchie, which contained a cross claim against the defendant United States for the benefits of said policy. The defendant United States on October 7, 1963, filed its answer to the cross claim of the defendant Roberta M. Smith.

The plaintiff, James E. Smith, on January 21, 1964, filed a motion for summary judgment. On January 31, 1964, the defendant Roberta M. Smith, through her guardian, Bertha M. Ritchie, filed a response to the motion of plaintiff for summary judgment, together with a motion for summary judgment on behalf of the defendant Roberta M. Smith. On February 12, 1964, the defendant United States filed a motion for summary judgment.

The case is now before the court on cross motions for summary judgment. The parties have submitted briefs in sup-

port of their respective contentions which have been considered by the court.

The plaintiff, James E. Smith, a citizen of the State of Arkansas and a resident of Lincoln, Arkansas, was the father of the insured, Cecil H. Smith. Maude Spain Smith, mother of the insured, died in Washington County, Arkansas, January 10, 1963. Defendant Roberta M. Smith, daughter of the insured, lives with her mother and guardian, Bertha M. Ritchie, a citizen of the State of California and resident of Sacramento.

On January 24, 1956, the insured, Cecil H. Smith, executed VA Form 9–336, designating Maude Spain Smith, mother, and his daughter, Roberta M. Smith, as principal beneficiaries "in equal shares with right of survivorship, Option #2, 36 months." The insured's father, James E. Smith, plaintiff herein, was designated "contingent beneficiary" for the full amount of the policy to be paid under settlement Option #2 in 36 equal monthly installments.

The insured's mother, Maude Spain Smith, made her claim for benefits under the policy after the death of the insured December 4, 1962. Subsequent to the filing of Maude Spain Smith's claim for benefits, she died January 10, 1963, prior to the payment to her of any installment payments. The contingent beneficiary, James E. Smith, the insured's father, made claim for one-half of the total benefits which was disallowed on February 25, 1963, and again disallowed on April 19, 1963.

Plaintiff, James E. Smith, the contingent beneficiary, contends that "on the death of the insured [Cecil H. Smith], Maude Spain Smith became the owner of one-half of the total benefits under said policy amounting to $5,000, and on her death the plaintiff, James E. Smith, became the owner thereof as contingent beneficiary or said sum became an asset of her estate."

Defendant Roberta M. Smith contends that as "the surviving principal beneficiary," she became entitled to the entire installment benefit payments upon the death of the other principal beneficiary, Maude Spain Smith.

The defendant United States contends that the plaintiff, James E. Smith, is not entitled, either individually or as administrator of the estate of Maude Spain Smith, to the installment benefits of the deceased principal beneficiary, Maude Spain Smith, and asserts that the "surviving principal beneficiary" is entitled to installment benefits of the deceased co-principal beneficiary.

National Service Life Insurance policies are contracts with the United States, and their terms are governed by federal statutes and regulations is determining who is to share in the benefits arising from such policies. See, Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950); Pack v. United States, (9 Cir. 1949) 176 F.2d 770.

Section 602(u) of the National Service Life Insurance Act, 38 U.S.C.A. § 802 (u), provides that when a designated beneficiary not entitled to a lump-sum settlement dies before receiving all the benefits due and payable, the remaining unpaid insurance (whether accrued or not) shall be paid in one sum to the "estate of the insured." The Veterans Administration in its regulations construes beneficiary to include contingent as well as principal beneficiaries.

In United States v. Short, (9 Cir. 1956) 240 F.2d 292, the court, in construing Sec. 602(u), supra, at page 296 said:

"The word 'beneficiary' is used in the statute in the singular. We hold that the phrase 'designated beneficiary' includes contingent as well as principal beneficiaries. This is the construction which has been followed by the Veterans Administration since the enactment of the statute, Regulations, Sec. 10:3489, 11 F.R. 9285, 38 C.F.R. 10:3489 (Supp.1946) 38 C.F.R. 8.89 (1949). The trial court herein also so held. Washburn v. United States, D.C.Mo.1945, 63 F. Supp. 224, gave the same construc-

tion to 'beneficiary' used in Sec. 602 (g) of the Act, 38 U.S.C.A. § 802 (g)."

■ The statute and regulations support the contention that a lump-sum payment of installment payments are to be paid to the estate of the insured only if there are no beneficiaries, principal or contingent, designated by the insured in existence. Thus, under Sec. 602(u), supra, it is clear that the estate of the insured is entitled to a lump-sum settlement as to the remaining unpaid insurance installments by reason of the death of a designated beneficiary only if all the beneficiaries, including contingent beneficiaries, die before they receive the benefits to which they are entitled, United States v. Short, supra.

The plaintiff, James E. Smith, in his brief cities 38 C.F.R., Sec. 8.91 [1], which provides that the contingent beneficiary shall succeed to the proceeds of the policy rather than payment to the insured's estate. This is consistent with Sec. 602 (u) of the National Service Life Insurance Act, which prohibits payment to the estate of the insured when there exists any designated beneficiary, principal or otherwise. Section 8.91 would be controlling if the only choice was between the "estate of the insured" and a designated contingent beneficiary.

The plaintiff in his brief also contends that the unpaid installments payable to the deceased co-principal beneficiary, Maude Spain Smith, are part of the estate of Maude Spain Smith because no joint tenancy was created under the law of Arkansas.

In United States v. Short, supra, the Court of Appeals, in excluding the possibility of recovery by the estate of a beneficiary entitled to installment benefits, 240 F.2d at page 297 said:

"Since we read Sec. 602(u) as also including contingent beneficiaries, the Congressional intent is clear that where no lump settlement had been designated, *only if all the beneficiaries and contingent beneficiaries die before they receive all the benefits to which they are entitled, is 'the remaining unpaid insurance (whether accrued or not) * * * paid * * * to the estate of the insured.'* It is not, as held by the court below, the estate of the *beneficiary* which is ultimately preferred in such installment situations.

"The words 'whether accrued or not' in Sec. 602(u) are significant. Thus, absent the lump-sum payment situation, where the beneficiaries have survived the insured and then die, the installments accrued and unpaid do not go to an estate of a beneficiary, but go to the estate of the *insured.*

"All that Sec. 8.91(b) of the Regulations does is read into Sec. 602 (u) the inclusion of contingent beneficiaries, and is therefore in truth *consistent* with Sec. 602(u) of the Act, 38 U.S.C.A. § 802(u). Nothing in Sec. 8.81(u) is at variance with the provisions of Sec. 602(u), that

---

1. "Sec. 8.91. *Payment to contingent beneficiary.*

"(a) If the principal beneficiary of National Service life insurance maturing on or after August 1, 1946, not entitled to a lump-sum settlement survives the insured and dies after payment has commenced but before all installments certain have been paid, the remaining unpaid installments certain shall be paid to the surviving contingent beneficiary as they become due, unless the insured has selected a lump-sum settlement for the contingent beneficiary. In that event, the present value of the remaining unpaid installments certain shall be paid to the contingent beneficiary in one sum, unless such contingent beneficiary elects to continue to receive the remaining unpaid installments certain as they become due and payable.

"(b) If the principal beneficiary of National Service life insurance maturing on or after August 1, 1946, does not survive the insured or if the principal beneficiary not entitled to a lump-sum settlement survives the insured but dies before payment has commenced, the insurance shall be paid to the contingent beneficiary in accordance with the provisions of Sec. 8.77."

in the installment situations, the unpaid insurance after the decease of 'the beneficiary' go to the estate of the *insured*."

Sec. 8.90 of the VA Regulations, 38 C. F.R., Sec. 8.90, is also cited by plaintiff in support of his contention that the estate of Maude Spain Smith is entitled to the unpaid installment benefits. Sec. 8.90, supra, applies only when the beneficiary was entitled to a settlement in one sum but died before receiving it, or when the beneficiary elected to receive installments although entitled to a settlement in one sum but died before receiving the elected installments. This section would be controlling if the deceased co-beneficiary, Maude Spain Smith, had been entitled to a settlement in one sum out of which she could have herself elected to take installments, but such is not the case here as the insured did not give the principal beneficiaries a settlement in one sum out of which the beneficiary herself could elect to take installments.

The defendant, Roberta M. Smith, however, contends that she is entitled to the installment payments share of Maude Spain Smith, not because of a joint tenancy under state law, but by virtue of her having been designated as a "principal beneficiary with right of survivorship" by the insured. There is no allegation in the pleadings nor is there any dispute that the insured, Cecil H. Smith, executed V.A. Form 9–336 designating Roberta M. Smith and Maude Spain Smith principal beneficiaries with the right of survivorship. The National Service Life Insurance statute, as well as the regulations of the Veterans Administration, support the declared intent of the insured to designate the principal beneficiaries as survivors, each to the other, of the installment payments occasioned by the death of either of the principal beneficiaries.

In United States v. Williams, (5 Cir. 1955) 220 F.2d 46, a contest to recover the balance of the proceeds unpaid of a National Service Life Insurance policy arose between the survivor of two principal beneficiaries and a contingent beneficiary. In that case the insured designated his wife and father as principal co-beneficiaries with right of survivorship, and his brother as a contingent beneficiary. After the insured's death, but before one-half the policy proceeds had been paid to the father, a co-principal beneficiary, he died. The Government contended that each principal beneficiary was a contingent beneficiary of the other's principal share. The insured's brother, who had been designated contingent beneficiary, contended that he was entitled to the benefits of the policy which would have been paid to the principal co-beneficiary who died. The court at page 48 of 220 F.2d said:

"Logic, therefore, insists that the insured intended each co-principal to take precedence over Presley, the brother of the insured, who as between the wife and father was in fact the second contingent beneficiary. Cited in the Government's brief is the unreported case of Lamar v. U. S., decided by Judge Russell April 18, 1950, wherein he held that the use of the words 'divided equally or all to the survivor' meant that if either of the co-principal beneficiaries failed to qualify, the entire remaining unpaid proceeds should be paid to the survivor; and that only upon the death of the surviving co-principal beneficiary was the brother, as contingent beneficiary, to take the balance."

In the instant case the administrative regulations are clearly consistent with the plain reading of the statute as well as with the legislative history of the statute, and support the intention of the insured designating Maude Spain Smith and his daughter, Roberta M. Smith, as principal co-beneficiaries "in equal shares with right of survivorship, Option #2, 36 months."

The administrative construction of Sec. 602(u), supra, and the administrative regulations are not to be overturned unless clearly erroneous or unless a different construction is plainly required, United States v. Short, supra;

American Homes of New England v. United States, (S.D.Cal.1959) 173 F. Supp. 857; Dowell v. Folsom, (D.Mont. 1957) 157 F.Supp. 46. Thus the court is of the opinion that the surviving co-principal beneficiary is entitled to the entire benefits of the policy.

Therefore, an order is being entered today in accordance with the above denying the plaintiff's motion for summary judgment, granting the motions for summary judgment of the defendants United States and Roberta M. Smith, and dismissing the complaint.